**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

**In re:**                                                                                   Case No.: 07-11010-BKC-PGH
                                                                                                     Chapter 7 proceeding
**ERNEST W. WILLIS**

    **Debtor.**
_____/

### TRUSTEE'S OBJECTION TO EXEMPTIONS

The Trustee in Bankruptcy, **Deborah C. Menotte,** by and through undersigned counsel, hereby files this Object to Exemptions and states:

1. This voluntary Chapter 7 bankruptcy proceeding was filed on February 16, 2007. Deborah C. Menotte was appointed as the interim Chapter 7 Trustee, and upon the conclusion of the § 327 first meeting of creditors on April 27, 2007, became the permanent Chapter 7 Trustee.

2. The Debtor has claimed as exempt on his Schedule C, pursuant to Art. 10, '4(a)(1), Fla. Stat. '222.01, and 222.02 the Debtor=s residence at 590 Silver Lane, Boca Raton, Florida 33432 with a value of $1.00, which is claimed as exempt for its full value. The Trustee objects to the exemption of $490,345.19, which was the amount of money used to pay down the mortgage on the Debtor's home with the intent to hinder, delay or defraud creditors in violation of 11 U.S.C. §522(o).

3. The Debtor has listed on his Schedule B a 1931 Model A Ford Replica, as tenants by the entireties, with a value of $1,000.00. The Debtor has claimed $500.00 of said vehicle as exempt on his Schedule C, pursuant to FSA '222.25(1). The Trustee does not object to the Debtor's claim of an exemption of $500.00, but does object to the valuation of said vehicle. The Trustee seeks the ability to market and sell such vehicle.

4. The Debtor has listed three IRAs on his Schedule B-12 as follows:

    Amtrust Bank IRA valued at $109,000.00
    Fidelity Federal IRA valued at $143,000.00
    Merrill Lynch IRA valued at $1,247,000.00

all of which he claims as exempt on his Schedule C pursuant to Florida Statutes '222.21(1). The Trustee must object to these IRAs as being exempt, as the Trustee has not been provided with any documentation to support

1

any of these accounts being exempt pursuant to Fla. Statute § 222.21(1). In addition, the Trustee cannot determine if such IRAs violate the provisions of 26 U.S.C. §§ 408(a)(1), 408(d)(3)(A), and 408(e)(2)(a), including whether they are rollovers from non-exempt assets. The Trustee must object pending future discovery as to whether such IRAs satisfy the requirements of § 222.21(1).

     5.     The Debtor has listed on his Schedule B an insurance policy with Federal Life Insurance, with a value of $15,000.00, which he has claimed as exempt on his Schedule C pursuant to Florida Statutes '222.14. The Trustee is waiting for documents demonstrating the ownership and the insured life on the policy. Florida Statutes '222.14 only provides an exemption of the cash surrender value of an insurance policy if the owner of the policy is also the insured life on the policy. Until such time as the documentation requested on such policy is provided, the Trustee objects to the exemption. Therefore, the Debtor should turn over the policy to the Trustee to be administered for the benefit of the estate.

     6.     The Debtor has listed on his Schedule B household goods and furnishings valued at $9,987.00, of which he has claimed $900.00 as exempt on his Schedule C pursuant to Fla. Const. Art. X, § 4(a)(2) and FSA § 222.061. The Trustee does not object to the Debtor's entitlement of $900.00, however, any amount over that exemption is non-exempt property of the estate. Accordingly, the Debtor should be required to pay for the difference of an amount the parties agree upon or the Debtor should be required to turn over the furniture for liquidation, and the Debtor would receive $900.00 from the sale of such household goods and furnishings.

     WHEREFORE, the Trustee, **Deborah C. Menotte**, by and through undersigned counsel, respectfully requests that the Court enter an Order sustaining the Trustee's objection to exemption of the Debtor's residence at 590 Silver Lane, Boca Raton, Florida 33432 for the amount of $490,345.19; the 1931 Model A Ford Replica; the Debtor's Amtrust Bank IRA valued at $109,000.00; the Debtor's Fidelity Federal IRA valued at $143,000.00; the Debtor's Merrill Lynch IRA valued at $1,247,000.00; the Federal Life Insurance policy, requiring the Debtor to pay to the Trustee the cash surrender value of such policy or to turn over the policy to the Trustee to be administered for the benefit of the estate; the household goods and furnishings valued at $9,987.00, requiring the Debtor to pay the difference of an amount the parties agree upon or requiring the Debtor to turn over the furniture for liquidation, whereby the Debtor would receive $900.00 from the sale of such household goods and furnishings, plus grant such other and further relief as the Court deems just and proper.

     I HEREBY CERTIFY that I am admitted to the Bar of the United State District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in

Local Rule 2090-1(A).

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by regular U.S. Mail to: **Ernest W. Willis**, 590 Silver Lane, Boca Raton FL 33431; and to all parties on the attached service list, on this the 30th day of July 2007.

                                          ELK CHRISTU & BAKST, LLP

                                          /s/  Michael R. Bakst
                                        _____
                                        Michael R. Bakst, Esq.
                                        Florida Bar No.:  866377
                                        Attorney for Trustee
                                        222 Lakeview Ave., Suite 1330
                                        West Palm Beach FL 33401
                                        Telephone: (561) 238-9900
                                        Facsimile: (561) 238-9920

070730/dlc

J:\002629\0165 - (07-11010) Willis, Ernest\Objection to Exemptions.doc/dlc

3

- Jacqueline Calderin    jc@ECCcounsel.com, legalassistant@ECCcounsel.com;khillard@ECCcounsel.com;scunningham@ECCcounsel.com

- Robert P. Charbonneau    rpc@ECCcounsel.com, legalassistant@ECCcounsel.com;khillard@ECCcounsel.com;scunningham@ECCcounsel.com

- Robert F Elgidely    bob@elgidelylawoffice.com

- Kevin C Gleason    kgpaecmf@aol.com

- Kenneth M Jones    kjones@moodyjones.com

- Soneet R. Kapila    msams@kapilaco.com

- Gary J. Lublin    garylublin@aol.com

- Deborah Menotte    menottetrustee@bellsouth.net, FL43@ecfcbis.com

- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

- Harry J Ross    hross@hjrlaw.com, jerri@hjrlaw.com

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive e-mail notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

    Stephen B Rakusin
    1 E Broward Blvd #444
    Ft. Lauderdale, FL 33301

    SunTrust Bank
    Bankruptcy Support
    POB 85092
    Richmond, VA 23286