**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

*In re*:                                                                            CASE NO.: 07-11010-BKC-PGH
                                                                                     Chapter 7 Proceeding
ERNEST W. WILLIS,

    Debtor.
_____/

## AMENDED OBJECTION TO EXEMPTIONS

    RED REEF, INC., by and through its undersigned counsel, and pursuant to Bankruptcy Rule 4003, and 11 U.S.C. §522, files this Objection to Exemptions claimed by Debtor, ERNEST W. WILLIS, and, in support thereof, would respectfully show the Court as follows:

    1.    On February 16, 2007, Debtor/Defendant, Ernest W. Willis, filed a voluntary Chapter 7 bankruptcy proceeding.

    2.    On March 14, 2007, Ernest W. Willis filed a summary of schedules. Schedule C included Property Claimed as Exempt.

    3.    Ernest Willis claimed that the full value of his Amtrust Bank IRA account ($109,000), his Fidelity Federal IRA account ($143,000), and his Merrill Lynch IRA account ($1,247,000) were exempt pursuant to FSA § 222.21(1). Fla. Stat. §222.21(2)(a) allows exemptions for IRAs only if they strictly comply with requirements delineated in 26 U.S.C. §408. The IRA accounts are not exempt under 26 U.S.C. §408 for, among other things, the reasons stated below.

4. The Debtor, Ernest W. Willis, is not entitled to exempt his accounts, since he has violated the provisions of 26 U.S.C. §408(a)(1) including limitations on the amounts which can be deposited and withdrawn from the account. The statute limits deposits into an IRA for any given taxable year to $2,000. The funds in the IRAs of Ernest W. Willis are no longer exempt to the extent that they exceed the limitations for deposits and withdrawals set out under the above-referenced statute.

5. 26 U.S.C. §408(a)(1) also provides that funds rolled over from other exempt IRA accounts will retain their exempt status. The funds in the IRAs are non exempt to the extent that they were not validly rolled over from otherwise exempt IRA accounts.

6. 26 U.S.C. §408(d)(3)(A)(i) restricts rollovers to a sixty (60) day time period with which an individual may transfer funds into an IRA. The funds in Ernest Willis' IRAs are not exempt to the extent that they were not timely rolled over from an otherwise exempt IRA.

7. The IRAs are not exempt to the extent that they existed or originated in accounts which were not IRS-qualified as IRA exempt accounts.

8. 26 U.S.C. §408(e)(2)(a) provides that an individual loses the exempt status of an IRA when he engages in prohibited transactions as defined under 26 U.S.C. §4975(c). The large sums deposited into Ernest Willis' IRAs reflect a misuse of funds as prohibited under 26 U.S.C. §4975(c). Therefore, to the extent that Ernest Willis engaged in prohibited transactions or misused the funds in his IRAs, these funds are not exempt.

9. Red Reef also objects to the Debtor's claim of exemption in his homestead property. As a result of a claim initiated by Red Reef, Inc., ("Red Reef") in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida (the "State Court"), the State Court issued a judgment on April 21, 2004 in the amount of $1,523,684.24 against the Debtor, the Debtor's wife, Sunday Willis ("Mrs. Willis") and Matthew J. Giacomino, jointly and severally, together with interest, costs and attorney's fees (the "2004 Judgment"). A true and correct copy of the 2004 Judgment can be found attached as an exhibit to Red Reef's Complaint objecting to dischargeability of debt. With accrued interest, the amount of the 2004 Judgment is presently approximately $1,968,125.92.

10. The 2004 Judgment includes three separate findings by the State Court that the Debtor and Mrs. Willis engaged in actual fraud and fraudulently transferred assets of an entity known as Ocean One North, Inc. ("Ocean One") to themselves, as well as other insiders of Ocean One, in an attempt to hinder, delay and defraud Red Reef.

11. Specifically, the State Court found that the Debtor and Sunday Willis used $490,345.19 of assets of Ocean One to extinguish a mortgage on their home at 590 Silver Lane, Boca Raton, Florida. This is the property that the Debtor is claiming as exempt homestead. The money was wired from their joint account in South Trust Bank, South Florida, N.A. on May 1, 1998 to pay off a mortgage in favor of South Trust Bank, South Florida, N.A. A Satisfaction of Mortgage was executed as of May 19, 1998 by Sun Bank South Florida, N.A.

12. 11 U.S.C. §522(o) provides that a Debtor's interest in real property that is claimed as a homestead shall be reduced to the extent that such value is attributable to any portion of any property that the Debtor disposed of in the ten (10) year period ending on the date of the filing of the Petition with the intent to hinder, delay or defraud a creditor and that the Debtor could not otherwise exempt.

13. 11 U.S.C. §522(q) provides that the Debtor may not exempt any amount of an interest in his homestead in excess of $125,000.00 if the Debtor has been found to engage in, inter alia, fraud, deceit, or manipulation in a fiduciary capacity.

14. White the Fourth District Court of Appeal ultimately reversed that portion of the State Court's Judgment with respect to the imposition of an equitable lien on the Debtor's homestead due to an alleged lack of evidence supporting Red Reef's tracing argument, the Court left undisturbed the finding that the Debtor and Sunday Willis in fact converted property of Ocean One which properly belonged to Ocean One's creditors, including Red Reef, to their own use and benefit in paying down the mortgage on their homestead. Accordingly, the Debtor may only exempt $125,000.00 of value in their homestead. Alternatively, the Debtors should not be able to exempt equity in their homestead up to Four Hundred and Ninety Thousand, Three Hundred and Forty-Five Dollars and Nineteen Cents ($490,345.19).

**WHEREFORE**, Red Reef, Inc. requests that this Court enter an Order:

(a) sustaining Red Reef's objection to the Debtor's claimed exemptions as more particularly set forth herein;

(b) finding that the Debtor is not entitled to exempt his interest in:

(i) the Amtrust Bank IRA account ($109,000);

  (ii) the Fidelity Federal IRA account ($143,000);

  (iii) the Merrill Lynch IRA account ($1,247,000); and

  (iv) , the residence at 590 Silver Lane, Boca Raton, Florida 33432 for the amount of $490,345.19; and

(c) granting such other and further relief as the Court deems just and proper.

*I HEREBY CERTIFY* that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am qualified to practice in this Court as set forth in Local Rule 2090-1(A).

**STEPHEN RAKUSIN**
**FLA. BAR NO. 183408**
**THE RAKUSIN LAW FIRM,**
**A PROFESSIONAL ASSOCIATION**
Wachovia Tower
One East Broward Blvd., Suite 444
Fort Lauderdale, FL 33301
(954) 356-0496 Telephone
(954) 356-0416 Facsimile


**ROBERT CHARBONNEAU**
**FLA. BAR NO. 968234**
**EHRENSTEIN CHARBONNEAU CALDERIN**
Mellon Financial Center
1111 Brickell Avenue, Suite 2915
Miami, FL 33131
(305) 722-2002 Telephone
(305) 722-2001 Facsimile


    By:___/s/_____
    ROBERT CHARBONNEAU