# RETURN OF SERVICE

| | | |
|---|---|---|
| **State of Florida** | **County of Dade** | **11th Circuit Court** |

Case Number: 07-20301CA 22

Plaintiff:
**USA BLOWOUTS , INC.**

vs.

Defendant:
**LABEL GRAPHICS, INC, ET AL.,**

For:
The Rakusin Law Firm.
One East Broward Blvd.
#444
Fort Lauderdale, FL 33301

Received by Provest South on the 13th day of July, 2007 at 1:07 pm to be served on **Merrill Lynch c/o Irving Silver, 3300 P.G.A. Blvd., # 200, Palm Beach Gardens, FL 33410**

I, Maralyn F. Coscia, do hereby affirm that on the **13th day of July, 2007 at 4:05 pm, I:**

**CORPORATE - REGISTERED AGENT:** served by delivering a true copy of the **Notice of Taking Rule Duces Tecum** with the date and hour of service endorsed thereon by me, to: **Irving Silver** as **Registered Agent** for **3300 P.G.A. Blvd., # 200, Palm Beach Gardens, FL 33410** and informed said person of the contents therein, in compliance with state statutes.

I hereby certify I have read the foregoing and the facts stated are true and correct, I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the county in which service was effected in accordance with State Statutes.

*[signature]*
Maralyn F. Coscia
Process Server #1096

**Provest South**
3230 W. Prospect Road
Ste 170
Fort Lauderdale, FL 33009
(954) 987-0760
Our Job Serial Number: 2007015941
Ref: Ocean One North

Copyright © 1992-2006 Database Services, Inc. - Process Server's Toolbox V6.1c

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

RED REEF, INC., a Florida
Corporation,

  Impleader Plaintiff,

v.

OCEAN ONE NORTH, Inc. an administratively dissolved Florida
Corporation; ERNEST W. WILLIS,
individually; SUNDAY WILLIS, individually;
and MATTHEW J. GIACOMINO,
individually,

  Impleader Defendants.
_____/

RED REEF, INC., a Florida
Corporation,

  Plaintiff,

v.

OCEAN ONE NORTH, INC., a
Florida Corporation, and ONE NORTH
OCEAN DRIVE, 1998, LTD, a Florida
Limited Partnership.

  Defendants.
_____/

Case Number: CL 00-5104 (AF)



U.S. BANKRUPTCY COURT
SO. DISTRICT OF FLORIDA
AUG 1 5 2007
FILED _____ RECEIVED _____

**TO:**
**Irving Silver**
**c/o Merrill Lynch**
**3300 PGA Boulevard**
**Suite 200**
**Palm Beach, Florida 33410**

[ ✓ ] YOU ARE COMMANDED to appear and testify at an examination under Bankruptcy Rule 2004, and Local Rule 2004-1, at the place, date, and time specified below.

PLACE OF TESTIMONY

**The Rakusin Law Firm**
**One East Broward Boulevard, Suite 444**

PRO-VEST SOUTH

DATE AND TIME
**July 20, 2007 at 1:30 p.m.**



RUSH

Ft. Lauderdale, Florida  33301

[ ✓ ]  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

## ATTACHED NOTICE OF TAKING

## RULE 2004 EXAMINATION DUCES TECUM

| PLACE : | DATE AND TIME: |
|---|---|
| **The Rakusin Law Firm** **One East Broward Boulevard, Suite 444** **Ft. Lauderdale, Florida  33301** | **July 20, 2007 at 1:30 p.m.** |

| ISSUING OFFICER SIGNATURE | TITLE |
|---|---|
| | |

| ISSUING OFFICER'S NAME (PRINT) | PHONE |
|---|---|
| STEPHEN RAKUSIN, Esquire | (954) 356-0496 |

| ADDRESS | DATE |
|---|---|
| One East Broward Boulevard, Suite 444 Fort Lauderdale, FL  33301 | |

### PROOF OF SERVICE

| DATE | PLACE |
|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

DATE                                        SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

_____

Rule 45, Fed. R. Civ. P., Parts © & (d) made applicable in cases under the Bankruptcy Code by Bankruptcy Rule 9016. See also Local Rule 2004-1.

© PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(I) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except
that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or
information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more that 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

W:\1101.1 Red Reef\Discovery\sub duc tec Irving Silver. 7-12-07.sa.wpd