UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

                                                Case No. 07-11010-BKC-PGH
                                                Chapter 7 Proceeding

**ERNEST W. WILLIS,**

    Debtor.
_____/

**DEBORAH C. MENOTTE, Trustee in
Bankruptcy for Ernest W. Willis,**

    Plaintiff,

v.                                                  Adversary Case No.:

**KEVIN GLEASON, P.A.[1],**

    Defendant.
_____/

## COMPLAINT TO DETERMINE VALIDITY, PRIORITY, AND AMOUNT OF INTEREST IN PROPERTY AND FOR TURNOVER PURSUANT TO BANKRUPTCY RULES 7001(1), 7001(2) AND 7001(9) AND 11 U.S.C. §§ 542, 543 AND 329

The Plaintiff, **Deborah C. Menotte, Trustee in Bankruptcy for Ernest W. Willis** (the "Plaintiff" or "Trustee") by and through undersigned counsel, hereby sues the Defendant, **Kevin Gleason, P.A.** ("Gleason P.A." or the "Defendant"), pursuant to Bankruptcy Rule 7001, and alleges:

### PRELIMINARY STATEMENT

1.    This is an adversary proceeding brought by the Trustee, to determine validity,

---

[1] All disclosures regarding a retaining lien and a right to retain the Anheuser-Busch Certificate # D485649 – 448 shares and the East Side Savings and Loan Cert # U 1166 – 1000 shares (the "Stock") as collateral for both pre-petition and post-petition fees and costs, including future fees in the instant Chapter 7 case have been made by Kevin Gleason, P.A. To the extent that Kevin Christopher Gleason asserts any interest or lien in, or right to retain the Stock in his role as a sole attorney practitioner, the Trustee reserves the right to join Kevin Christopher Gleason as a Defendant in this action and seek determination of the reasonableness of his fees.

priority, and amount of interest in property and for turnover pursuant to 11 U.S.C. §§ 542, 543, and 329.

## JURISDICTION AND VENUE

2. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This is a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(E), 157(b)(2)(K), 157(b)(2)(O).

## PARTIES

5. The Plaintiff is the Trustee of the Debtor's Chapter 7 estate and is properly before the jurisdiction of this Court.

6. The Defendant is Gleason, P.A, a Florida Profit Corporation and is properly before the jurisdiction of this Court.

## BACKGROUND

7. This voluntary Chapter 7 bankruptcy proceeding was filed on February 16, 2007 (the "Petition Date"). The Trustee became the permanent Trustee after the §341 Meeting of Creditors was conducted and concluded on April 27, 2007.

8. Prior to the Petition Date, the Debtor gave Gleason P.A. the following stock certificates: Anheuser-Busch Certificate # D485649 – 448 shares [and] East Side Savings and Loan Cert # U 1166 – 1000 shares (the "Stock").

9. On or about January 31, 2007, according to the Debtor's Schedule B (DE# 13, P. 5), the Anheuser-Busch Certificate # D485649 – 448 shares were valued at approximately $61,000.00 and the East Side Savings and Loan Cert # U 1166 – 1000 shares was valued at approximately $37,000.00.

10. Gleason P.A. has asserted that it has a retaining lien and a right to retain the Stock in its possession throughout the instant chapter 7 case as collateral for both pre-petition and post-petition fees and costs, including future fees.

11. On March 14, 2007, the Debtor filed Schedule D (DE # 13, P. 9) and listed Kevin Gleason, P.A. as a secured creditor with an unliquidated claim in the amount of $3,630.00. On

that same day, the Debtor filed his Chapter 7 Individual Debtor's Statement of Intention (DE # 13, P. 33) (the "Statement of Intention"). The Statement of Intention lists Kevin Gleason, P.A. as a creditor secured by the Stock. The Debtor does not specify his intention with respect to the Stock.

12. On May 23, 2007, after a properly noticed motion and hearing, the Court entered its Order Granting Trustee's Motion For Applicable Relief Pursuant To 11 U.S.C. § 521(a)(2) & (6) Or 11 U.S.C. § 362(h) And Motion For Extension Of Time Under 11 U.S.C. § 521 (DE# 51), finding that the Stock is property of the estate.

13. On May 29, 2007, Gleason P.A. filed his Disclosure of Compensation of Attorney For Debtor (DE# 55) (the "Compensation Disclosure"). The Compensation Disclosure provides that Gleason's firm, Gleason P.A., is holding the Stock for payment of fees. The Disclosure fails to indicate the balance due to Gleason and/or Gleason P.A. or Gleason's hourly rate. No written contract was attached to the Compensation Disclosure.

14. On August 7, 2007, the Debtor filed Amended Schedules and an Amended Statement of Financial Affairs (DE # 92). The Amended Statement of Financial Affairs lists Kevin Gleason, P.A. under item number 9 which requests information about payments related to debt counseling or bankruptcy and provides that Gleason P.A. holds the Stock as collateral. The Debtor failed to provide an amount due to Gleason P.A.

15. The Trustee seeks turnover of the Stock so that it may be sold and the Defendant's lien, if any, would attach to the proceeds of the sale.

16. The Trustee has repeatedly demanded that Gleason P.A. turn over the Stock. Despite, numerous requests, Gleason P.A. has failed and refused to turn over the Stock.

**COUNT I**
**TURNOVER PURSUANT TO 11 U.S.C. § 542**

17. The Trustee re-alleges paragraphs 1 through 16 as if fully set forth herein.

18. Pursuant to 11 U.S.C. § 542(a), "an entity, other than a custodian, in possession, custody or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title,…shall deliver to the trustee, and account for, such property or the value of such property."

19. Gleason P.A. is in possession, custody and control of the Stock.

20. The Stock is property of the Estate pursuant to 11 U.S.C. § 541, which the Trustee may administer as an asset of the bankruptcy estate pursuant to 11 U.S.C. § 363.

21. Gleason P.A. has refused to turn over the Stock despite several requests by the Trustee.

22. The Trustee seeks an order from the Court requiring Gleason P.A. to turn over the Stock pursuant to 11 U.S.C. § 542(a).

WHEREFORE, the Trustee, **Deborah C. Menotte**, by and through undersigned counsel, respectfully requests that this Court enter judgment against Kevin Gleason, P.A. ordering turnover of the Anheuser-Busch Certificate # D485649 – 448 shares and the East Side Savings and Loan Cert # U 1166 – 1000 shares, plus grant such other and further relief as this Court deems just and proper.

## COUNT II
## TURNOVER PURSUANT TO 11 U.S.C. § 543

23. The Trustee re-alleges paragraphs 1 through 16 as if fully set forth herein.

24. Upon information and belief, Gleason P.A. is the custodian of the Stock as defined by 11 U.S.C. § 101(11).

25. Gleason P.A. is in possession, custody and control of the Stock.

26. Pursuant to 11 U.S.C. § 543(b), "[a] custodian – (1) shall deliver to the trustee any property of the debtor held by or transferred to such custodian,…that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case."

27. Gleason P.A. acquired knowledge of the commencement of the instant chapter 7 case on or before February 16, 2007.

28. The Stock is property of the Estate pursuant to 11 U.S.C. § 541, which the Trustee may administer as an asset of the bankruptcy estate pursuant to 11 U.S.C. § 363.

29. On February 16, 2007, Gleason P.A. was required under 11 U.S.C. § 543 to deliver the Stock to the Trustee.

30. Gleason P.A. has refused to turn over the Stock despite several requests by the Trustee.

31. The Trustee seeks an order from the Court requiring Gleason P.A. to turn over the Stock pursuant to 11 U.S.C. § 543.

WHEREFORE, the Trustee, **Deborah C. Menotte**, by and through undersigned counsel, respectfully requests that this Court enter judgment against Kevin Gleason, P.A. ordering turnover of the Anheuser-Busch Certificate # D485649 – 448 shares and the East Side Savings and Loan Cert # U 1166 – 1000 shares, plus grant such other and further relief as this Court deems just and proper.

### COUNT III – TURNOVER PURSUANT TO 11 U.S.C. § 329

32. The Trustee re-alleges paragraphs 1 through 16 as if fully set forth herein.

33. Pursuant to 11 U.S.C. § 329:

> (a) Any attorney representing a debtor in a case under this title, or in connection with such case,…shall file with the Court a statement of the compensation paid or agreed to paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney and the source of compensation.
>
> (b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to –
>
> (1) the estate, if the property transferred –
>
> (A) would have been property of the estate;

34. Gleason P.A. is in possession, custody and control of the Stock.

35. Gleason P.A. has asserted a lien against the Stock for both pre-petition and post-petition fees and costs, including future fees, as explained more fully above. However, Gleason P.A. has failed to disclose the amount of compensation to be paid or agreed to be paid in connection with this case.

36. The Stock is property of the Estate pursuant to 11 U.S.C. § 541, which the Trustee may administer as an asset of the bankruptcy estate pursuant to 11 U.S.C. § 363.

37. The value of the Stock exceeds the reasonable value of any services provided by Gleason P.A. pursuant to 11 U.S.C. §329 and the Trustee is therefore entitled to turnover of the Stock.

38. Gleason P.A. has refused to turn over the Stock despite several requests by the Trustee.

39. The Trustee seeks an order from the Court cancelling any agreement entered for fees by the Debtor based on the failure to comply with 11 U.S.C. § 329(a) and (b), determining any reasonable value for such services of Gleason P.A., if any, and requiring Gleason P.A. to turn over the Stock.

WHEREFORE, the Trustee, **Deborah C. Menotte**, by and through undersigned counsel, respectfully requests that this Court enter judgment against Kevin Gleason, P.A. cancelling any agreement entered for fees by the Debtor based on the failure to comply with 11 U.S.C. § 329(a) and (b), determining any reasonable value for such services of Kevin Gleason, P.A., if any, and ordering turnover of the Anheuser-Busch Certificate # D485649 – 448 shares and the East Side Savings and Loan Cert # U 1166 – 1000 shares, plus grant such other and further relief as this Court deems just and proper.

## COUNT IV – DETERMINATION AS TO VALIDITY, PRIORITY, AND AMOUNT OF INTEREST IN PROPERTY PURSUANT TO FEDERAL RULE OF BANKRUTPCY PROCEDURE 7001

40. The Trustee re-alleges paragraphs 1 through 16 above as if set forth fully herein.

41. Gleason P.A. has asserted a lien against the Stock for both pre-petition and post-petition fees and costs, including future fees, as explained more fully above.

42. Pursuant to Federal Rule of Bankruptcy Procedure 7001(2), a court may determine the validity, priority, or extent of interest in property.

43. Pursuant to 11 U.S.C. § 329,

>  (a) Any attorney representing a debtor in a case under this title, or in connection with such case,...shall file with the Court a statement of the compensation paid or agreed to paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney and the source of compensation.
>
>  (b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to –
>
>  (2) the estate, if the property transferred –
>
>  (B) would have been property of the estate;

11 U.S.C. § 329.

44.     The Trustee seeks a determination by the Court of the extent of any right, title, lien or interest Gleason P.A. may assert in the stock and the reasonable value for pre-petition services provided Gleason P.A. pursuant to 11 U.S.C. § 329.

45.     The bankruptcy estate holds a superior right, title, and/or interest in the stock than does Gleason P.A. pursuant to the interests and powers of the Trustee provided by 11 U.S.C. §§ 541, 544(a)(1), (2) and/or (3), and § 544(b).

WHEREFORE, the Trustee, **Deborah C. Menotte**, by and through undersigned counsel, respectfully requests that this Court enter judgment pursuant to Federal Rule of Bankruptcy Procedure 7001(2) determining the extent of any right, title, lien or interest Kevin Gleason P.A. may assert in the stock and the reasonable value of the services provided by Kevin Gleason, P.A. pursuant to 11 U.S.C. § 329, plus grant such other and further relief as this Court deems just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated this the 21 day of August 2007.

ELK, CHRISTU, & BAKST, LLP

**MICHAEL R. BAKST, ESQUIRE**
Florida Bar No.: 866377
**Attorneys for Trustee/Plaintiff**
222 Lakeview Avenue, Suite 1330
West Palm Beach FL 33401
Telephone: (561) 238-9900
Facsimile: (561) 238-9920
Email: mbakst@ebcblaw.com