UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

In re:

ERNEST W. WILLIS                                              CASE NO: 07-11010-PGH
                                                              Chapter 7
    Debtor.
_____/

**DEBTOR'S MOTION FOR PARTIAL SUMMARY JUDGMENT
ON OBJECTION TO EXEMPTIONS**
(Related to DE 80, 81, 82)

The Debtor, Ernest W. Willis, moves pursuant to Bankruptcy Rule 7056 and F. R. Civ. P. 56 for Partial Summary Judgment[1] with respect to certain of the Objections to Exemptions raised by Deborah Menotte, Trustee (DE 81), and by Red Reef, Inc. (DE 80, 82), and says:

**Objections of Red Reef, Inc. (DE 80, 82)**

1. Red Reef has attempted to limit Mr. Willis' claim of homestead exemption to $125,000 by asserting that, "11 U.S.C. §522(q) provides that the Debtor may not exempt any amount of an interest in his homestead in excess of $125,000.00 if the Debtor has been found to engage in, inter alia, fraud, deceit, or manipulation in a fiduciary capacity."

2. Of course, that's not what 11 U.S.C. § 522(q) provides. The Code actually provides, at 11 U.S.C. § 522(q),

> (1) As a result of electing under subsection (b)(3)(A) to exempt property under State or local law, a debtor may not exempt any amount of an interest in property described in subparagraphs (A), (B), (C), and (D) of subsection

---

[1] Made applicable in this contested matter by Bankruptcy Rule 9014(c).

1

>    (p)(1) which exceeds in the aggregate $ 136,875² if--
>       (A) the court determines, after notice and a hearing, that the debtor has been convicted of a felony (as defined in section 3156 of title 18 [18 USCS § 3156]), which under the circumstances, demonstrates that the filing of the case was an abuse of the provisions of this title; or
>       (B) the debtor owes a debt arising from--
>          (i) any violation of the Federal securities laws (as defined in section 3(a)(47) of the Securities Exchange Act of 1934 [15 USCS § 78c(a)(47)]), any State securities laws, or any regulation or order issued under Federal securities laws or State securities laws;
>          (ii) fraud, deceit, or manipulation in a fiduciary capacity or in connection with the purchase or sale of any security registered under section 12 or 15(d) of the Securities Exchange Act of 1934 [15 USCS § 78l or 78o(d)] or under section 6 of the Securities Act of 1933 [15 USCS § 77f];
>          (iii) any civil remedy under section 1964 of title 18; or
>          (iv) any criminal act, intentional tort, or willful or reckless misconduct that caused serious physical injury or death to another individual in the preceding 5 years.
>    (2) Paragraph (1) shall not apply to the extent the amount of an interest in property described in subparagraphs (A), (B), (C), and (D) of subsection (p)(1) is reasonably necessary for the support of the debtor and any dependent of the debtor.

3.   Red Reef neither alleges, nor could prove, that:

a.   Mr. Willis has been convicted of a felony;

b.   Mr. Willis owes a debt arising from–

   i.   any violation of the Federal securities laws, any State securities laws, or any regulation or order issued under Federal securities laws or State securities laws;

   ii.  fraud, deceit, or manipulation in a fiduciary capacity or in connection with the purchase or sale of any security registered under section 12 or 15(d) of the Securities Exchange Act of 1934 or under section 6 of

---

² $125,000 for cases filed before April 1, 2007.

        the Securities Act of 1933;

    iii.    any civil remedy under section 1964 of title 18; or

    iv.    any criminal act, intentional tort, or willful or reckless misconduct that caused serious physical injury or death to another individual in the preceding 5 years; or

    c.    Mr. Willis' homestead is not reasonably necessary for the support of the debtor and any dependent of the debtor.

4.    It is too late to amend the objections to exemptions to relate back to the objections filed during the period of extension.

Wherefore, Ernest Willis, Debtor, requests an order entering partial summary judgment as to the objection to his homestead exemption premised upon 11 U.S.C. § 522(q), with prejudice.

## Objections of Trustee (DE 81)

5.    At paragraph 3 of DE 81, the Trustee states her "objection" as,

> The Debtor has listed on his Schedule B a 1931 Model A Ford Replica, as tenants by the entireties, with a value of $1,000.00. The Debtor has claimed $500.00 of said vehicle as exempt on his Schedule C, pursuant to FSA 222.25(1). *The Trustee does not object to the Debtor's claim of an exemption of $500.00*, but does object to the valuation of said vehicle. The Trustee seeks the ability to market and sell such vehicle.(Emphasis added).

6.    The Trustee has stated in the objection that there is no objection to the claimed exemption amount. The remainder of paragraph 3 describes a valuation dispute, not an exemption dispute.

7.    At paragraph 4 of DE 81, the Trustee states her vague objection to Mr. Willis' claimed exemption in his IRA accounts as,

> The Trustee must object to these IRAs as being exempt, as the Trustee has not been provided with any documentation to support any of these accounts being exempt pursuant to Fla. Statute § 222.21(1). In addition, the Trustee

3

cannot determine if such IRAs violate the provisions of 26 U.S.C. §§ 408(a)(1), 408(d)(3)(A), and 408(e)(2)(a), including whether they are rollovers from non-exempt assets. The Trustee must object pending future discovery as to whether such IRAs satisfy the requirements of § 222.21(1).

8. The Trustee could not possibly suggest that each Debtor is responsible to maintain copies of the documents which the IRA trustees have obtained from the Internal Revenue Service when an institution establishes its IRA accounts.  In Mr. Willis' case, the Trustee would have to review almost three decades of documentation from numerous now-defunct federally insured institutions to determine the chain of accounts from which Mr. Willis' current IRA accounts have devolved.

9. At paragraph 6 of DE 81, the Trustee states her "objection" as,

> The Debtor has listed on his Schedule B household goods and furnishings valued at $9,987.00, of which he has claimed $900.00 as exempt on his Schedule C pursuant to Fla. Const. Art. X, § 4(a)(2) and FSA § 222.061. The Trustee does not object to the Debtor's entitlement of $900.00, however, any amount over that exemption is non-exempt property of the estate. Accordingly, the Debtor should be required to pay for the difference of an amount the parties agree upon or the Debtor should be required to turn over the furniture for liquidation, and the Debtor would receive $900.00 from the sale of such household goods and furnishings.

10. The Trustee has stated in the objection that there is no objection to the claimed exemption amount.  The remainder of paragraph 6 describes how the Trustee may plan to administer the non-exempt property, which does not constitute an exemption dispute.

**MEMORANDUM OF LAW**

## General Standards for Summary Judgment

Federal Rule of Civil Procedure 56(c), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that Summary Judgment is appropriate if the Court determines that the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). "In determining whether a genuine question of material fact exists, the Court must consider all evidence in the light most favorable to the non-movant." *Pilkington v. United Airlines, Inc.*, 921 F. Supp 740, 744 (M.D. Fla. 1996). In considering a motion for summary judgment, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire' Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986), *cert. denied*, 480 U.S. 932, 107 S. Ct. 1570, 94 L. Ed. 2d 762 (1987) (*citing Anderson*, 477 U.S. at 248).

*Goodstein Realty Boca Raton, LLC v. Gelinas (In re Gelinas)*, 2007 Bankr. LEXIS 1431 (Bankr. S.D. Fla. 2007).

**Burden of Proof and Specificity of Objection as Required under 11 U.S.C. §522(l)**

Bankruptcy Rule 4003(c) provides, "In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed. After hearing on notice, the court shall determine the issues presented by the objections."

The reliance of Red Reef upon 11 U.S.C. § 522(q) is totally misplaced, as a matter of law.  Mr. Willis incorporates by reference the authorities cited in his Motion for Summary Judgment, filed in the proceedings of *Red Reef Inc V. Ernest Willis*, Adv. No. 07-01417-PGH-A, at DE 20, starting at page 2, the section entitled Exception to Discharge Pursuant to 11 U.S.C. §523(a)(4), and proceeding through page 7, wherein the federal definition of "fraud, deceit, or manipulation in a fiduciary capacity" is detailed.

The Trustee's objections in her paragraphs 3 and 6 do not present any issues.  The Trustee's objections in her paragraph 4 does not specify any objections, simply uses the "shotgun" approach and parrots the general objections filed by Red Reef, without specifying which IRA is objected to, and in what amounts.  Essentially, the Trustee's

objection is a bookmark, holding the place for a real objection to be later inserted. Again, it is too late to amend the objection to relate back to the objection filed within the extension granted by the Court.

Wherefore, Ernest Willis, requests the entry of an order: overruling Red Reef's objections to Mr. Willis' homestead exemptions based upon 11 U.S.C. § 522(q), with prejudice; and striking the Trustee's vague objections contained at paragraphs 3, 4, and 6, with prejudice.

## CERTIFICATION OF SERVICE

The following parties were served by U.S. Mail on September 5, 2007-None.  The following parties were served via the Notice of Electronic Filing on September 5, 2007- Jacqueline Calderin jc@ECCcounsel.com; Robert P. Charbonneau- rpc@ECCcounsel.com; legalassistant@ECCcounsel.com; khillard@ECCcounsel.com; scunningham@ECCcounsel.com; Robert F Elgidely bob@elgidelylawoffice.com; Kenneth M Jones kjones@moodyjones.com; Soneet R. Kapila msams@kapilaco.com; Gary J. Lublin garylublin@aol.com; Deborah Menotte menottetrustee@bellsouth.net, FL43@ecfcbis.com;  Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov; Harry J Ross hross@hjrlaw.com, jerri@hjrlaw.com

Respectfully submitted,

**KEVIN GLEASON, P.A.**
4121 N. 31st Ave.
Hollywood, FL 33021-2011
Attorneys for Mr. Willis
(954) 893-7670 Phone
(954)-893-7675 Fax
By: s/ Kevin C. Gleason
    Kevin C. Gleason, Esq.
    Florida Bar No. 369500
    BankruptcyLawyer@aol.com

6