UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                  CASE NO.: 07-11010-BKC-PGH
                                                        Chapter 7 Proceeding
ERNEST W. WILLIS,

       Debtor
_____/

### TRUSTEE'S RESPONSE TO DEBTOR'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON OBJECTION TO EXEMPTIONS (C.P.# 112)

Deborah C. Menotte, Trustee in Bankruptcy for Ernest W. Willis (the "Trustee"), responds in opposition to the Debtor's Motion For Partial Summary Judgment on Objection to Exemptions (C.P. # 112) (the "Summary Judgment Motion") and states as follows:

### FACTUAL BACKGROUND

1.     This voluntary Chapter 7 bankruptcy proceeding was filed on February 16, 2007. Deborah C. Menotte was appointed as the interim Chapter 7 Trustee, and upon the conclusion of the § 327 first meeting of creditors on April 27, 2007, became the permanent Chapter 7 Trustee.

2.     On March 14, 2007, the Debtor filed his Schedules, including Schedule C – Property Claimed As Exempt (C.P. # 13).

3.     On July 30, 2007, the Trustee filed Trustee's Objection to Exemptions (C.P. # 81) ("Trustee's Objection").

4.     On September 5, 2007, the Debtor filed his Summary Judgment Motion.

5. The Debtor's Summary Judgment Motion specifically requests that this Court enter judgment in the Debtor's favor, only as to three of Trustee's objections to exemptions as follows: A) objection to Debtor's claimed exemption in a 1931 Model A Ford Replica; B) objection to Debtor's claimed exemption in his IRA accounts; and C) objection to Debtor's claimed exemption in his household goods.

6. The Debtor has not cited any case law in support of his Summary Judgment Motion or provide any evidence in support of his arguments.

7. Discovery regarding this matter is still ongoing.

## ARGUMENT

### A. Standard for Summary Judgment

8. Summary Judgment standards under Rule 56 of the Federal Rules of Civil Procedure are made applicable to bankruptcy proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure.

9. Summary judgment is appropriate if the entire record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 569(c).

10. The moving party:

> bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates an absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett. V. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

11. It is well settled law that:

> [a]lthough the moving party has the initial burden of identifying the evidence that demonstrates the absence of a genuine issue of material fact, the respondent (the "non-movant") must establish the existence of each element on which it bears the burden of proof. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552. The non-movant is entitled to all reasonable inferences in its favor. We are keenly aware that credibility determinations are not the function of the judge; instead the non-movant's evidence must be credited at this stage. *Anderson*, 477 U.S. at 249, 255, 106 S.Ct. at 2513.

*J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir. 1990), *cert. denied*, 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991).

12. In applying this standard, all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the moving party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In this case, there clearly are genuine issues of material fact and, therefore, the Motion must be denied.

**B.    The Debtor Is Not Entitled To Summary Judgment On Any of The Trustee's Objections to Exemptions As There Are Genuine Issues Of Material Fact**

      **1.    Objection to Debtor's Claimed Exemption in a 1931 Model A Ford Replica and Household Goods**

13. The Trustee's objection to the Debtor's claimed exemption in a 1931 Model A Ford Replica states as follows:

> The Debtor has listed on his Schedule B a 1931 Model A Ford Replica, as tenants by the entireties, with a value of $1,000.00  The Debtor has claimed $500.00 of said vehicle as exempt on his Schedule C, pursuant to FSA '222.25(1). The Trustee does not object to the Debtor's claim of a exemption of $500.00, but does object to the valuation of said vehicle. The Trustee seeks the ability to market and sell such vehicle.

*See* Paragraph 3 of Trustee's Objection (C.P #81).

14. The Trustee's objection to the Debtor's claimed exemption to household goods states as follows:

> The Debtor has listed on his Schedule B household goods and furnishings valued at $9,987.00, of which he has claimed $900.00 as exempt on his Schedule C pursuant to Fla. Const. Art. X § 4(a)(2) and FSA § 222.061. The Trustee does not object to the Debtor's entitlement of $900.00, however, any amount over that exemption is non-exempt property of the estate. Accordingly, the Debtor should be required to pay for the difference of an amount the parties agree upon or the Debtor should be required to turn over the furniture for liquidation, and the Debtor would receive $900.00 from the sale of such household goods and furnishings.

*See* Paragraph 6 of Trustee's Objection (C.P #81).

15. The Debtor claims in his Summary Judgment Motion that "Trustee's objections in her paragraphs 3 and 6 do not present any issues" and are "a valuation dispute" and a description of how the "Trustee may plan to administer non-exempt property," not exemptions disputes. *See* Paragraphs 6 and 10 of Summary Judgment Motion (C.P. # 111).

16. Despite the Debtor's statements, there are exemption disputes. The Debtor has failed to turn over the 1931 Model A Ford Replica or the household goods so that they may be liquidated by the Trustee for the benefit of creditors.

17. Based on the foregoing, the Debtor has conducted himself throughout this case as though the entire value of the 1931 Model A Ford Replica and household goods is exempt.

18. The Debtor did not claim tenancy by the entireties as the law providing an exemption on any of the property claimed as exempt and this Court cannot create a

tenancy by the entireties exemption on his behalf. Moreover, even if the Debtor had asserted tenancy by the entireties as grounds for exemptions, Red Reef, Inc., a joint creditor of the Debtor and his wife, has a judgment against them jointly for $1,968,125.92, an amount far in excess of the value of the Debtor's 1931 Model A Ford Replica and household goods. See Schedule D (C.P.# 13). Therefore, Red Reef, Inc., as a joint creditor of the Debtor and his wife can be satisfied from the property even if the Debtor had claimed said property was tenancy by the entireties property and this Court found that it was tenancy by the entireties property. See In re Monzon, 214 B.R. 38 (Bankr. S.D. Fla. 1997)("Under Florida law, "[e]ntireties property is *not* exempt from process to satisfy joint debts of both spouses.").

19. Moreover, "where the value of an asset exceeds the amount of the claimed exemption, the asset as a whole does not become exempt." *In re Soost,* 262 B.R. 68 (8th. Cir. B.A.P. 2001). "Where surplus value might exist in property for which a debtor claims an exemption, a trustee has a duty to attempt to collect and reduce the property to cash for the benefit of creditors." *See In re Zupansic,* 259 B.R. 388 (Bankr.M.D. Fla. 2001) (Where Debtor claimed $2,000.00 as exempt on a vehicle which the Debtor valued at $2,525.00 the Debtor was only entitled to $2,000.00 as exempt).

20. The surplus value of the 1931 Model A Ford Replica and household goods is property of the estate. The Debtor has wrongfully retained this property of the estate as though it is fully exempt. The property must be turned over so that it may be sold. The Debtor can only receive the $500.00 he has claimed as exempt from the sale of the 1931 Model A Ford Replica and $900.00 that he has claimed as exempt from the sale of the

household goods. Based on the foregoing, the Debtor's Summary Judgment Motion should not be granted.

### 2. Objection to Debtor's Claimed Exemption in his IRA Accounts

21. The Trustee's objection to the Debtor's claimed exemption to his IRA Accounts states as follows:

> The Debtor has listed three IRAs on his Schedule B-12 as follows:
>
> Amstrust Bank IRA valued at $109,000.00
> Fidelity Federal IRA valued at $143,000.00
> Merrill Lynch IRA valued at $143,000.00
>
> All of which he claims as exempt on his Schedule C pursuant to Florida Statutes '222.21(1). The Trustee must object to these IRAs as being exempt, as the Trustee has not been provided with any documentation to support any of these accounts being exempt pursuant to Fla. Statute §222.21(1). In addition, the Trustee cannot determine if such IRAs violate the provisions of 26 U.S.C. §§ 408(a)(1), 408(d)(3)(A), and 408(e)(2)(a), including whether they are rollovers from non-exempt assets. The Trustee must object pending future discovery as to whether such IRAs satisfy the requirements of § 222.21(1).

*See* Paragraph 4 of Trustee's Objection (C.P #81).

22. The Debtor argues in his Summary Judgment Motion that the "Trustee's objections in her paragraph 4 does not specify any objections, simply uses the "shotgun" approach and parrots the general objections filed by Red Reef, without specifying which IRA is objected to, and in what amounts." *See* Summary Judgment Motion (C.P.# 111), p. 5.

23. Debtor's Summary Judgment Motion completely mischaracterizes the Trustee's objection to the Debtor's IRAs. The Trustee has identified that she objects to all of the Debtor's IRAs.

24. There exist genuine issues of material fact as to whether the IRAs violate the provisions of 26 U.S.C. §§ 408(a)(1), 408(d)(3)(A), and 408(e)(2)(a), including whether they are rollovers from non-exempt assets.

25. It is the Debtor's burden, as the moving party has to demonstrate, through evidence, that the absence of a genuine issue of material fact exists. The Debtor has not presented any evidence in his summary judgment motion establishing that the IRAs are in fact exempt. Moreover, the Trustee is entitled to all reasonable inferences in her favor.

26. The Debtor's testimony at his deposition on May 24, 2007, reflects that there are material facts in dispute.

27. There are issues of material fact as to whether the Debtor engaged in prohibited transactions resulting in at least a portion of his IRA accounts losing their IRA status based on disqualification. *See generally, In re Hughes*, 293 B.R. 528 (M.D. Fla. 2003)(Debtor's misuse of funds from IRA account by making loan to his closely-held corporation affected the status of the funds in the account and prevented the debtor claiming the funds as exempt.). The Debtor testified at follows:

> Q. Okay. So money that went into the AmTrust IRA, where did that come from?
> A. It's a CD. It would have come from, probably from Merrill Lynch because I took some money out to put in CDs to get a better rate of return.
> Q. Okay. So you took money out of your Merrill Lynch IRA and then put it into CDs, is that correct?
> A. Correct.
> Q. And when did you do that?
> A. Various times.

*See* May 24, 2007 transcript of Deposition of Ernest W. Willis ("May 24[th] Transcript"), p. 45, Lines 14-23; *see also* May 24th Transcript, p. 112, Lines 3-18.

28. There are also issues of material fact as to whether the Debtor's IRAs actually qualify as ERISA qualified plans. *See generally, In re Madia*, 294 B.R. 177 (Bankr. M.D. Fla. 2003)(Debtor's claimed exemption in a deferred compensation plan was found by the court not to be exempt under Florida law). The Debtor testified as follows:

> Q. Okay. Do you know whether or not Pathway Financial was actually able to get IRA approval for it's IRA from the Internal Revenue Service?
> A. I would presume so.
> Q. I'm asking you whether you know?
> A. No, I don't.

*See* May 24th Transcript, p. 63, Lines 12-17. The Debtor further testified that he did not know whether he ever saw any IRS qualification letters and he did not have copies:

> Q. That's what I'm about to ask you. By the way, do you have any of the IRS qualification letters for any of your IRA accounts?
> A. No.
> Q. Did you ever seen[sic] any IRS qualification letters in regard to any of your IRA accounts?
> A. I don't believe so.

*See* May 24th Transcript, p. 29, Lines 24-25; p. 30, Lines 1-5; *See also* May 24th Transcript, p. 67, Line 25; p. 68, Lines 1-5. The Debtor has not provided sufficient documentation to determine the Debtor's claim entitlement to an exemption in any of his IRA accounts.

29. Additionally, discovery is still ongoing in this matter with respect to the Debtor's exemptions. The creditor, Red Reef, Inc. has been conducting discovery which the Trustee is relying on.

30. Accordingly, this Court must deny the Summary Judgment Motion as there are genuine issues of material fact that exist in this contested matter.

WHEREFORE, Deborah Menotte, Trustee in Bankruptcy for Ernest W. Willis, by and through undersigned counsel, respectfully requests that the Court deny Debtor's Motion For Partial Summary Judgment on Objection to Exemptions (C.P. # 111) and grant such other and further relief as the Court deems just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic mail to all parties on the attached service list on this 20th day of September 2007 and, by regular U.S. Mail to: **Stephen B Rakusin**, 1 E Broward Blvd #444, Ft. Lauderdale, FL 33301 on September 21, 2007.

ELK, CHRISTU & BAKST, LLP

*/s/ Michael R. Bakst*
Michael R. Bakst, Esq.
Florida Bar No.: 866377
Heather L. Ries, Esq.
Florida Bar No. 581933
Attorney for Trustee
222 Lakeview Ave., Suite 1330
West Palm Beach FL 33401
(561) 238-9900
(561) 238-9920 (fax)

**By Electronic Mail to:**

- Michael R Bakst    mrb@ebcblaw.com, chris@ebclaw.com;diane@ebclaw.com
- Jacqueline Calderin    jc@ECCcounsel.com, legalassistant@ECCcounsel.com;khillard@ECCcounsel.com;scunningham@ECCcounsel.com
- Robert P. Charbonneau    rpc@ECCcounsel.com, legalassistant@ECCcounsel.com;khillard@ECCcounsel.com;scunningham@ECCcounsel.com
- Robert F. Elgidely    relgidely@gjb-law.com
- Kevin C Gleason    kgpaecmf@aol.com
- Kenneth M Jones    kjones@moodyjones.com
- Soneet R. Kapila    msams@kapilaco.com
- Gary J. Lublin    garylublin@aol.com
- Deborah Menotte    menottetrustee@bellsouth.net, FL43@ecfcbis.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Harry J Ross    hross@hjrlaw.com, jerri@hjrlaw.com