UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

*In re:*

ERNEST W. WILLIS,

    Debtor.
_____/

CASE NO.:07-11010-BKC-PGH
Chapter 7 Proceeding

U.S. BANKRUPTCY COURT
SO. DISTRICT OF FLORIDA-WPB

SEP 2 0 2007

FILED _____ RECEIVED _____

**TO:**
**THE CORPORATE REPRESENTATIVE**
**SunTrust Bank a/k/a SunTrust Banks, Inc.**
**c/o Cathy H. Arther**
**200 S. Orange Avenue**
**9th Floor Mail Code 1093**
**Orlando, FL 32801**

[ ✓ ] YOU ARE COMMANDED to appear and testify at an examination under Bankruptcy Rule 2004, and Local Rule 2004-1, at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| **The Rakusin Law Firm**<br>**One East Broward Boulevard, Suite 444**<br>**Ft. Lauderdale, Florida 33301** | **September 4, 2007 at**<br>**3:00 p.m.** |

[ ✓ ] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

## ATTACHED NOTICE OF TAKING

## RULE 2004 EXAMINATION DUCES TECUM

| PLACE : | DATE AND TIME: |
|---|---|
| **The Rakusin Law Firm**<br>**One East Broward Boulevard, Suite 444**<br>**Ft. Lauderdale, Florida 33301** | **September 4, 2007 at**<br>**3:00 p.m.** |

| ISSUING OFFICER SIGNATURE | TITLE |
|---|---|
| [signature] | Attorney |
| ISSUING OFFICER'S NAME (PRINT)<br>STEPHEN RAKUSIN, Esquire | PHONE<br>(954) 356-0496 |

ADDRESS
One East Broward Boulevard, Suite 444
Fort Lauderdale, FL 33301

DATE 8/28/07

## PROOF OF SERVICE

DATE 8/30/2007   PLACE Suntrust Bank, 200 S. Orange Ave. Orlando FL 32801

SERVED Sandra Spencer, paralegal authorized to accept

SERVED ON (PRINT NAME)    MANNER OF SERVICE

Twanda Pickering    Process Server
SERVED BY (PRINT NAME)    TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 8/30/2007
DATE

SIGNATURE OF SERVER: Twanda Pickering

ADDRESS OF SERVER: 1510 E. Colonial Drive, Ste. 212, Orlando FL 32803

Rule 45, Fed. R. Civ. P., Parts © & (d) made applicable in cases under the Bankruptcy Code by Bankruptcy Rule 9016. See also Local Rule 2004-1.

© PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(I) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except
that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place

within the state in which the trial is held, or

        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

        (iv) subjects a person to undue burden.

(B) If a subpoena

        (I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

        (ii) requires disclosure of an unretained expert's opinion or

information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more that 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

W:\1101.1  Red Reef\Discovery\Subpoena & Notice for 2004 Exam DT for SunTrust Bank (IRA)_8.27.07_vg.wpd

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

*In re:*                                              CASE NO.:07-11010-BKC-PGH
                                                      Chapter 7 Proceeding
ERNEST W. WILLIS,

       Debtor.
_____/

### NOTICE OF TAKING RULE 2004 EXAMINATION (Duces Tecum)

Plaintiff/Creditor, Red Reef, Inc., by and through its undersigned counsel, gives notice that it shall examine the officer, director or managing agent(s) designated by **SUNTRUST BANK a/k/a SUNTRUST BANKS, INC.** under oath on **September 4, 2007 at 3:00 p.m.**, at The Rakusin Law Firm, One East Broward Boulevard, Wachovia Tower, Suite 444, Fort Lauderdale, Florida, 33301. The examination may continue from day to day until completed.

The examination is pursuant to FRBP 2004 and Local Rule 2004-1, and will be taken before an officer authorized to record the testimony. The scope of the examination shall be as described in FRBP 2004. Pursuant to Local Rule 2004-1 no order shall be necessary.

If the examinee requires an interpreter it is the examinee's responsibility to engage the employment of such interpreter to be present at the examination.

    **ERNEST W. WILLIS**        **SUNDAY WILLIS**
    **D.O.B. October 22, 1934**    **D.O.B. September 9, 1930**
    **SS# XXX-XX-5749**        **SS# XXX-XX-6795**

*Pursuant to Local Rule 2004-1 and F.R.B.P. 7030(b)(6), SunTrust Bank a/k/a SunTrust Banks, Inc. shall be obligated to designate one or more officers, directors, or managing agents, having the most knowledge of the company's business operations and accounting.

### *Duces Tecum*

**The examinee is further directed to deliver the following documents to counsel for the Plaintiff/Creditor ten (10) days prior to the date of the examination:**

1

-THOSE DOCUMENTS IDENTIFIED ON EXHIBIT "A" ATTACHED HERETO-

SEE SCHEDULE "A" ATTACHED HERETO.

You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.

**IF YOU FAIL TO APPEAR YOU WILL BE IN CONTEMPT OF COURT.**

You are subpoenaed by the attorney whose name appears on this subpoena and unless excused from this subpoena by that attorney or the Court, you shall respond to this subpoena as directed.

DATED this ___ day of August, 2007.

        Robert P. Charbonneau, Esq.
        Florida Bar No.: 968234
        **EHRENSTEIN CHARBONNEAU CALDERIN**
        Mellon Financial Center, Suite 2915
        1111 Brickell Avenue
        Miami, Florida 33131
        (305) 761-3454 (Telephone)
        (305) 761-3484 (Facsimile)

        **THE RAKUSIN LAW FIRM,**
        **A PROFESSIONAL ASSOCIATION**
        Wachovia Tower
        One East Broward Boulevard
        Suite 444
        Fort Lauderdale, Florida 33301
        (954) 356-0496  Telephone
        (954) 356-0416  Facsimile

By: _____
        Stephen Rakusin, Esq.
        Fla. Bar. No. 183408

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above foregoing was furnished via [ ]Hand Delivery [√] U.S. Mail, [ ]Facsimile to Robert F. Elgidely, Esq., 888 East Las Olas Boulevard, Ft. Lauderdale, FL 33301; via [ ] Hand Delivery [√] U.S. Mail [ ] Facsimile to Kevin Gleason, Esq., 4121 N. 31st Avenue, Hollywood, FL 33021-2011; via [ ]Hand Delivery [√] U.S. Mail, [ ]Facsimile to Michael R. Bakst, Esq., 222 Lakeview Avenue, Suite 1330, West Palm Beach, FL 33401 on this 28th day of August, 2007.

_____
Stephen Rakusin

## **DEFINITIONS**

1.      As used herein, the term **"document"** includes every writing, printed or graphic matter, or record of any type and description that is in the possession, control or custody of Plaintiff, including without limitation, the original and any non-identical copy of any of the following: correspondence, memoranda, stenographic or handwritten notes (of meetings, conferences, and telephone or other conversations or communications), minutes of meetings, drafts, studies, publications, press releases, statements, transcripts of testimony, affidavits, summaries, excerpts, journals, diaries and calendar or diary entries, books, records, accounts pamphlets, voice recordings, reports, surveys, tables, charts, statistical compilations, analyses, applications, work papers, forms, or other writing or recording of any kind. The term "document" also includes any commentary or notation of any kind which does not appear on the original or on another copy. Without limitation of the term "control", a document is deemed to be within the control of Respondent/or Defendant if Respondent/or Defendant has ownership, possession, or custody of the document or a copy thereof or the right or ability to secure the document or a copy thereof from any other person or public or private entity having physical possession thereof. Documents are only requested to be produced to the extent that they have not already been requested.

2.      **"Person"** means any natural person or any entity, including, without limitation, any individual, firm, corporation, company, association, partnership, business, public agency, department, bureau, board, commission, or any other form of public, private or legal entity.

3.      Any reference herein, whether specific or within the term "person", to any public or private company, partnership, association, or other entity includes such entity's subsidiaries and affiliates and the entity's and its subsidiaries' and affiliates' present and former directors, officers, employees, attorneys, agents, or anyone acting for any of them at their direction, or under their

4

control.

4.  **"Relating to"** means containing, constituting, showing, mentioning, reflecting, or pertaining or referring in any way, directly or indirectly, to, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

5.  The term **"Defendant"** refers to the Ernest Willis and Sunday Willis

6.  The term **"Debtor"** refers to Ernest Willis

7.  The term **"Plaintiff"** refers to Red Reef, Inc.

8.  The term **"IRA"** refers to Individual Retirement Account as defined by the Internal Revenue Code.

## INSTRUCTIONS

In responding to these requests you are required to produce those materials within your custody or control, and in addition, those in the possession of or obtainable by your attorneys, investigators, adjusters, insurance carriers, representatives, agents or anyone acting on your behalf.

If, in responding to this Request for Production, you withhold production of any document on the ground of a privilege not to disclose the document, please state with respect to each such document:

I.  The type of document involved and a general description of the context of the document;

II. The name, business, and residence address and telephone numbers and position of the individual from whom the document emanated;

III. The name, business, and residence address and telephone numbers and position of each individual to whom the document or documents;

5

IV.  The privilege upon which Respondent relies in withholding the document;

V.  The facts upon which Respondent relies in support of their claim that they were privileged to withhold the document or documents;

VI.  The names, business and residence address and telephone numbers, and positions or occupations of individuals known or believed by the Respondent to have knowledge concerning the factual basis for defendants assertion of privilege with regard to the document.

## TIME LIMITATION

The documents requested shall be produced from the period of January 1, 1980 to present.

## SCHEDULE "A"

1. Copies of any and all documents and papers of any type relating to any and all annuities, 401K accounts, IRAs, pension plans, deferred compensation plans, or other retirement type accounts, or any other checking, savings, money market, brokerage account (or any certificate of deposits or bonds) owned by the DEBTOR for anytime since January 1, 1980 through the present date. Such documentation would include, but not be limited to, actual policies themselves, contracts, statements, IRS documentation letters, documentation evidencing how the annuities, 401K accounts, IRAs, pension plans, deferred compensation plans, or other retirement type accounts were purchased, as well as documentation evidencing how the DEBTOR has spent the funds from such annuities, 401K accounts, IRAs, pension plans, deferred compensation plans, or other retirement type accounts. Documentation evidencing how the annuities, 401K, accounts, IRAs, pension plans, deferred compensation plans, or other retirement type accounts were purchased, such appropriate documentation would include, but not be limited to, cancelled checks, wire transfer receipts, closing statements, settlement agreements, and any other related papers.

2. Originals or true copies of all IRA, 401K, pension, deferred compensation, or other retirement type account applications signed by ERNEST W. WILLIS AND, OR SUNDAY WILLIS individually, jointly or in their capacity their employer, trustee, or any other fiduciary capacity in which ERNEST W. WILLIS AND, OR SUNDAY WILLIS are owners or have an interest.

3. Original or true copies of all deposit slips, checks, check stubs, wire transfer records, credit memos, bills, invoices, requisitions reflecting any services provided or monies transferred to any IRA or other retirement type account owed by ERNEST W. WILLIS AND, OR SUNDAY WILLIS in which you acted as their agent, broker or financial advisor, from any of the persons or entities in the names of (including but not limited to) ERNEST W. WILLIS AND, OR SUNDAY WILLIS.

4. Original or true copies of all deposit slips, checks, check stubs, wire transfer records,

7

credit memorandums, bills, invoices, requisitions reflecting any services provided or monies transferred from any IRA or other retirement type account owed by ERNEST W. WILLIS AND, OR SUNDAY WILLIS in which you acted as their agent, broker or financial advisor, from any of the persons or entities in the names of (including but not limited to) ERNEST W. WILLIS AND, OR SUNDAY WILLIS.

5. Original or true copies of all correspondence relating to all IRA, annuity, pension, or other retirement accounts, held by ERNEST W. WILLIS AND/OR SUNDAY WILLIS, individually, jointly or in which they have an interest.

6. Original or true copies of monthly, quarterly or annual brokerage and financial statements for any and all annuities, 401K accounts, IRAs, pension plans, deferred compensation plans, or other retirement type accounts in which ERNEST W. WILLIS AND/OR SUNDAY WILLIS own individually, jointly, and or have in interest in, for the period of January 1, 1980 through present date.

7. All IRS qualifications letters for all IRAs, 401K accounts, pension plans, deferred compensation plans, or other retirement type accounts owned by (including but not limited to) ERNEST W. WILLIS AND/OR SUNDAY WILLIS.

8. Original or true copies of all correspondence, memoranda, promissory notes, guarantees, written agreements, assignments, checks, check stubs, wire transfers, deposit records, bills, invoices, requisitions, or credit memos, which reflect any monies lent to (including but not limited to) ERNEST W. WILLIS AND/OR SUNDAY WILLIS relating to, or connected with, any IRA, or other retirement account in which ERNEST W. WILLIS AND/OR SUNDAY WILLIS own individually, jointly or have an interest in.

9. Original or true copies of all documents and accounting records reflecting any payments and any sums owed by (including but not limited to) ERNEST W. WILLIS AND/OR SUNDAY WILLIS relating to, or connected with, any IRA, or other retirement account in which ERNEST W. WILLIS AND/OR SUNDAY WILLIS own individually, jointly or in which they have an interest.

10. Original or true copies of all promissory notes executed by (including but not limited to) ERNEST W. WILLIS AND/OR SUNDAY WILLIS relating to, or connected with, any IRA, or other retirement account.

11 Original or true copies of all financial statements or information submitted to you by any entity or individual in regard to any loan agreement, any change or modification thereof, or the administration of any loan on the property of (including but not limited to) ERNEST W. WILLIS AND/OR SUNDAY WILLIS relating to or connected with any IRA, or other retirement account.

12 Original or true copies of all records and documents involving the above accounts, in which you acted as the agent, broker or financial advisor for ERNEST W. WILLIS AND/OR SUNDAY WILLIS including but not limited to the following:

    (1) All Monthly Statements

    (2) All Deposits Slips

    (3) All Withdrawal Slips

    (4) All Canceled Checks (front and back)

    (5) Check Stubs and Check Registers

    (6) Investments

    (7) Investment Portfolio

13. Original or true copies of all evaluations, reports or opinions provided to or made by you of the net worth, financial stability or financial status of any individual or entity that is a signator or proposed signator of any IRA or other retirement or pension account (including but not limited to) ERNEST W. WILLIS AND/OR SUNDAY WILLIS.

14. Original or true copies of all checking account and savings account records connected to, or relating to any IRA or other retirement or pension accounts in the names of ERNEST W. WILLIS AND/OR SUNDAY WILLIS, individually, jointly or in which they have an interest.

15. All computerized records, discs or printouts containing or storing any of the documents or records requested in paragraphs 1 through 14 above.

16. All indexed, file numbers or retrieval information reflecting any of the documents or materials requested in paragraphs 1 through 14 above.