UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                CASE NO.: 07-11010-BKC-PGH
                                                      Chapter 7 Proceeding
ERNEST W. WILLIS,

    Debtor
_____/

## TRUSTEE'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT ON TRUSTEE'S OBJECTION TO EXEMPTIONS (C.P.# 112)

Deborah C. Menotte, Trustee in Bankruptcy for Ernest W. Willis (the "Trustee"), moves for partial summary judgment and requests that this Court enter an Order sustaining the Trustee's objection to exemptions as to the 1931 Model A Ford Replica and household goods and furnishings and directing the Debtor to turn over the 1931 Model A Ford Replica and household goods and furnishings for sale by the Trustee and states as follows:

### UNDISPUTED FACTS

1. This voluntary Chapter 7 bankruptcy proceeding was filed on February 16, 2007. Deborah C. Menotte was appointed as the interim Chapter 7 Trustee, and upon the conclusion of the § 327 first meeting of creditors on April 27, 2007, became the permanent Chapter 7 Trustee.

2. On March 14, 2007, the Debtor filed his Schedules, including Schedule C – Property Claimed As Exempt (C.P. # 13) ("Schedule C"). The Debtor asserted an

exemption in the amount of $500.00 in a 1931 Model A Ford Replica and a exemption in the amount of $900.00 in household goods and furnishings on Schedule C.

3. On July 30, 2007, the Trustee filed Trustee's Objection to Exemptions (C.P. # 81) ("Trustee's Objection"). The Trustee asserted, among others, the following objections to the Debtor's claimed exemptions:

> The Debtor has listed on his Schedule B a 1931 Model A Ford Replica, as tenants by the entireties, with a value of $1,000.00 The Debtor has claimed $500.00 of said vehicle as exempt on his Schedule C, pursuant to FSA '222.25(1). The Trustee does not object to the Debtor's claim of a exemption of $500.00, but does object to the valuation of said vehicle. The Trustee seeks the ability to market and sell such vehicle.

*See* Paragraph 3 of Trustee's Objection (C.P #81).

> The Debtor has listed on his Schedule B household goods and furnishings valued at $9,987.00, of which he has claimed $900.00 as exempt on his Schedule C pursuant to Fla. Const. Art. X § 4(a)(2) and FSA § 222.061. The Trustee does not object to the Debtor's entitlement of $900.00, however, any amount over that exemption is non-exempt property of the estate. Accordingly, the Debtor should be required to pay for the difference of an amount the parties agree upon or the Debtor should be required to turn over the furniture for liquidation, and the Debtor would receive $900.00 from the sale of such household goods and furnishings.

*See* Paragraph 6 of Trustee's Objection (C.P #81).

4. The Debtor has failed to turn over the 1931 Model A Ford Replica or the household goods and furnishings so that they may be liquidated by the Trustee for the benefit of creditors, with the Debtor receiving $500.00 from the proceeds of the sale of the 1931 Model A Ford Replica and $900.00 from the proceeds of the sale of the household goods and furnishings.

2

## ARGUMENT

### A. Standard for Summary Judgment

5. Summary Judgment standards under Rule 56 of the Federal Rules of Civil Procedure are made applicable to bankruptcy proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure.

6. Summary judgment is appropriate if the entire record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

### B. The Trustee Is Entitled To Summary Judgment and Turnover

7. "[W]here the value of an asset exceeds the amount of the claimed exemption, the asset as a whole does not become exempt." *In re Soost,* 262 B.R. 68 (8th. Cir. B.A.P. 2001). "Where surplus value might exist in property for which a debtor claims an exemption, a trustee has a duty to attempt to collect and reduce the property to cash for the benefit of creditors." *See In re Zupansic,* 259 B.R. 388 (Bankr.M.D. Fla. 2001) (Where Debtor claimed $2,000.00 as exempt on a vehicle which the Debtor valued at $2,525.00 the Debtor was only entitled to $2,000.00 as exempt).

8. The Debtor did not claim tenancy by the entireties as the law providing an exemption on any of the property claimed as exempt and this Court cannot create a tenancy by the entireties exemption on his behalf. Moreover, even if the Debtor had asserted tenancy by the entireties as grounds for exemptions, Red Reef, Inc., a joint creditor of the Debtor and his wife, has a judgment against them jointly for $1,968,125.92, an amount far in excess of the value of the Debtor's 1931 Model A Ford Replica and household goods. *See* Schedule D (C.P.# 13). Therefore, Red Reef, Inc., as

3

a joint creditor of the Debtor and his wife can be satisfied from the property even if the Debtor had claimed said property was tenancy by the entireties property and this Court found that it was tenancy by the entireties property. *See In re Monzon*, 214 B.R. 38 (Bankr. S.D. Fla. 1997)("Under Florida law, "[e]ntireties property is *not* exempt from process to satisfy joint debts of both spouses.").

9. The Debtor has conducted himself throughout this case as though the entire value of the 1931 Model A Ford Replica and the household goods and furnishings is exempt. There is no dispute that the Debtor is only allowed $500.00 from the proceeds of the sale of the 1931 Model A Ford Replica and $900.00 from the proceeds of the sale of the household goods and furnishings.

10. The surplus value of the 1931 Model A Ford Replica and household goods and furnishings is property of the estate. The Debtor has wrongfully retained this property of the estate as though it is fully exempt. The property must be turned over so that it may be sold.

WHEREFORE, Deborah Menotte, Trustee in Bankruptcy for Ernest W. Willis, by and through undersigned counsel, respectfully requests that this Court enter partial summary judgment in her favor, sustaining the Trustee's objection to exemptions as to the 1931 Model A Ford Replica and household goods and furnishings, directing the Debtor to turn over the 1931 Model A Ford Replica and household goods and furnishings for sale by the Trustee and granting such other and further relief as the Court deems just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by regular U.S. Mail to: **Stephen B Rakusin**, 1 E Broward Blvd #444, Ft. Lauderdale, FL 33301 and by electronic mail to all parties on the attached service list on this 25th day of September 2007.

ELK, CHRISTU & BAKST, LLP

*/s/ Michael Bakst*

Michael R. Bakst, Esq.
Florida Bar No.: 866377
Heather L. Ries, Esq.
Florida Bar No. 581933
Attorney for Trustee
222 Lakeview Ave., Suite 1330
West Palm Beach FL 33401
(561) 238-9900
(561) 238-9920 (fax)

**By Electronic Mail to:**

- Michael R Bakst    mrb@ebcblaw.com, chris@ebclaw.com;diane@ebclaw.com
- Jacqueline Calderin    jc@ECCcounsel.com, legalassistant@ECCcounsel.com;khillard@ECCcounsel.com;scunningham@ECCcounsel.com
- Robert P. Charbonneau    rpc@ECCcounsel.com, legalassistant@ECCcounsel.com;khillard@ECCcounsel.com;scunningham@ECCcounsel.com
- Robert F. Elgidely    relgidely@gjb-law.com
- Kevin C Gleason    kgpaecmf@aol.com
- Kenneth M Jones    kjones@moodyjones.com
- Soneet R. Kapila    msams@kapilaco.com
- Gary J. Lublin    garylublin@aol.com
- Deborah Menotte    menottetrustee@bellsouth.net, FL43@ecfcbis.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Harry J Ross    hross@hjrlaw.com, jerri@hjrlaw.com

6