UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

In re:                                                              www.flsb.uscourts.gov
ERNEST WILLIS                                         CASE NO.07-11010-BKC-PGH
     Debtor            /                    Chapter 7

**DEBTOR'S RESPONSE TO RED REEF'S OPPOSITION TO
DEBTOR'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DE 116)
AND DEBTOR'S RESPONSE TO RED REEF'S CROSS-MOTION
FOR SUMMARY JUDGMENT
AND DEBTOR'S RESPONSE TO TRUSTEE'S OPPOSITION TO
DEBTOR'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DE 117)
AND DEBTOR'S RESPONSE TO TRUSTEE'S CROSS-MOTION
FOR SUMMARY JUDGMENT (DE 122)**

     ERNEST WILLIS, Defendant, filed a motion for partial summary judgment on objections to exemptions by Red Reef and the Trustee (DE 111), to which Red Reef responded and cross-moved for summary judgment (DE 116) and to which the Trustee responded (DE 117) and cross-moved for summary judgment (DE 122), resulting in an order which prescribed the filing due dates for a response by Mr. Willis and further proceedings prior to the hearing on the motion and cross motions (DE 123), pursuant to which Mr. Willis files this response to the oppositions of Red Reef and the Trustee, and the cross-motions for summary judgment by Red Reef and the Trustee.

### Response to Red Reef's Opposition-522(q)

     As in its adversary proceeding (Adv. No 07-1417) Red Reef seeks to confuse the common law fraud which is the object of 11 522(q) with acts taken in disregard of a statutory fiduciary duty under Florida corporate law. The same reasoning applied by the Eleventh Circuit Court of Appeals is applicable in this context. Mr. Willis adopts the argument made in Adversary proceeding no. 07-01417-PGH, at DE 38, the sections dealing with Counts I and II of the Amended Complaint, pages 1 through 4 therein.

     Mr. Willis is not a party to the adversary proceeding brought by the Trustee against

1

Beacon Properties, and its principal, so the continued references to matters in that adversary proceeding are obviously made in bad faith, and with no legal or factual basis.

The 522(q) objection is untimely, having been raised for the first time after the bar date for objections to exemptions. Red Reef has not cited any cases which would permit an untimely joined objection to exemptions to "relate back."

Wherefore, Ernest Willis, Debtor, requests the entry of an order overruling the objection to his homestead based upon 11 U.S.C. § 522(q).[1]

### Response to Red Reef's Cross-Motion-522(o)

Red Reef seeks to reduce the value of Mr. Willis' interest in his homestead as allegedly an increase in the value of Mr. Willis' exemption by the transfer of non-exempt assets into an exempt asset.

Under the facts as detailed by Red Reef, it did not hold a liquidated, non-contingent claim against Mr. Willis at the time of the transfer of the assets of Ocean One to its principals. At the time of the transfer of the assets from Ocean One to its principals, there was no joint debt as against Mr. Willis and his non-debtor spouse, Mrs. Sunday Willis. The liquidated assets of Ocean One were taken in as an immune, tenancy-by-entireties asset, and applied to satisfy debt previously taken out to purchase a secured position against Ocean One, applied to an immune, tenancy-by-entireties property, simply taken from immune to immune, not non-exempt to exempt.

The effect of this transaction did not increase the value of Mr. Willis' exemption in his homestead at all. He held an inalienable undivided interest as a tenant-by-entireties before the subject transaction, and held the same interest after, with no evidence in this record that the transaction increased the value of Mr. Willis interest. "Property held by a

---

[1] Mr. Willis reserves his right to challenge the retroactive application of 522(q) as unconstitutional. *United States v. Sec. Indus. Bank*, 459 U.S. 70 (U.S. 1982).

married couple as tenants by the entireties belongs to neither spouse individually; rather each spouse is seized of the entire property." *Herron v. Singh (In re Ramsurat)*, 361 B.R. 246, 255 (Bankr. M.D. Fla. Dec 21, 2006). "Entireties property belongs to neither individual spouse, but each spouse holds 'the whole or the entirety, and not a share, moiety, or divisible part.' *Bailey v. Smith*. 89 Fla. 303, 103 So. 833, 834 (1925)." *In re Caliri*, 347 B.R. 788, 797 (Bankr. M.D. Fla. 2006). *Contra, In re Wagstaff*, 2006 Bankr. LEXIS 716 (Bankr. D. Fla. 2006).

Further, 522(o)[2] speaks in terms of "any property that the debtor disposed of in the 10-year period ending on the date of the filing of the petition..." The common meaning of the term "disposed of" is "to transfer to the control of another... to get rid of..." (http://www.m-w.com/dictionary/dispose%20of).  The subject funds were not "disposed of" by paying down the obligation on Mr. Willis homestead, merely transferred from his joint (TBE) bank account to his jointly-owned (TBE) property.

Wherefore, Ernest Willis, Debtor, requests the entry of an order overruling the objection of Red Reef based upon 522(o).

## Response to Trustee's Opposition

The Trustee's response to the Debtor's Motion for Partial Summary Judgment did not shed any additional light on the factual or legal disputes as to property actually claimed as exempt. It is not possible to tell from reading the Trustee's objection what the legal or factual issues are in regard to any particular property claimed as exempt.  Mr. Willis is simply being "double-teamed" for no particular reason.

Wherefore, Ernest Willis, Debtor, requests the entry of an order striking or overruling the Trustee's objections to exemptions at paragraphs 3, 4, and 6, with

---

[2] Mr. Willis reserves his right to challenge the retroactive application of 522(o) as unconstitutional. *United States v. Sec. Indus. Bank*, 459 U.S. 70 (U.S. 1982).

prejudice.

### Response to Trustee's Cross-Motion

The Trustee has never, until this so-called objection to exemptions was filed, requested turnover of any non-exempt assets of Mr. Willis. The Trustee is welcome to establish through this judicial process the value of the replica automobile, but no evidence for any such value has been offered, and Mr. Willis has only claimed as exempt one-half of the total value of the asset because it is otherwise neither exempt, nor immune. However, Mr. Willis is entitled to exempt up to $1000 in value, which will presumably force the Trustee to prove the fee ownership interest in the automobile in excess of $2000, because Mrs. Willis will also be entitled to claim an exemption of $1000 in the jointly-owned automobile[3]. The Trustee has not attempted to describe the process whereby the furnishings in the homestead residence shall be turned over. If the Trustee suggests that Mr. and Mrs. Willis must pack all of their furnishings, put them on a truck and deliver them to the Trustee's office, no authority for such proposition is cited, and none is known to your undersigned.

The Trustee has objected to exemptions, and now seeks to "morph" that objection into something else.

The Trustee asserts that Mr. Willis did not claim tenancy by entireties on any of his property, but was obviously not looking at the Schedules, which list the Automobile and Household Goods as TBE (See Schedules B-4,25, and C). At a minimum, the significance of the method of designation as TBE is to give Mrs. Willis equal right to claim an exemption in the personal property owned in the marital unit.

Again, the Trustee is not objecting to any specific exemption, merely seeking turnover without challenging the value of the automobile with any competent evidence,

---

[3] The existence of a joint creditor is the only reason the Trustee can reach the automobile at all.

and seeking turnover of the furnishings in the homestead without regard to the rights of the joint tenant-by-entirety, who is not a party to this case.

While the Trustee has the right to administer immune non-exempt property for the benefit of a joint creditor, Mr. Willis has no right under any applicable law to yank his wife's bed from under her and deliver it to the Trustee.

Wherefore, Ernest Willis, Debtor, requests the entry of an order striking or overruling the Trustee's objections to exemptions, without prejudice to a motion for turnover, to which Mrs. Willis is a party, and regarding only the immune property with a listed value in excess of allowed exemptions.

**CERTIFICATE OF SERVICE**

The following parties were served on October 16, 2007 electronically: Robert P. Charbonneau-rpc@ECCcounsel.com; Michael R Bakst    mrb@ebclaw.com, chris@ebclaw.com;diane@ebclaw.com.

Respectfully submitted,
**KEVIN GLEASON, P.A.**
4121 N. 31st Ave.
Hollywood, FL 33021-2011
Attorneys for Mr. Willis
(954) 893-7670 Phone/(954)-893-7675 Fax
By: s/ Kevin C. Gleason
   Kevin C. Gleason, Esq.
   Florida Bar No. 369500
   BankruptcyLawyer@aol.com