UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

                                                   Case No. 07-11010-BKC-PGH
                                                   Chapter 7 Proceeding

ERNEST W. WILLIS,

      Debtor.
_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEBTOR, ERNEST W. WILLIS PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 9014 AND 7034

TO:   Ernest W. Willis
        c/o Kevin C. Gleason, Esq.
        KEVIN GLEASON P.A.
        4121 N. 31st Avenue
        Hollywood, FL 33021-2011

The Plaintiff, **Deborah C. Menotte**, as Chapter 7 Trustee, by and through undersigned counsel, pursuant to Bankruptcy Rules 9014 and 7034, requests that the Debtor, **Ernest W. Willis**, produce the following documents to the offices of undersigned counsel within thirty (30) days from the date of service of this request or within any other time period provided by order of the Court:

### DEFINITIONS AND INSTRUCTIONS

Unless the context of a specific request requires otherwise, the following definitions and instructions shall apply to these requests:

    A.    "Defendant", "You" and "Your" means Defendant Kevin Gleason, P.A. and/or the person or persons otherwise responsible for responding to these requests.

    B.    The word "Document" or "Documents" shall mean the original of information recorded in a tangible form including, but not limited to, information printed, typewritten, handwritten, photographed, filmed, recorded by electronic means upon a tape or disk or any other means of recording and shall include (but no be limited to): letters; memoranda; handwritten notes; agreements; deeds; contracts; books; pamphlets; brochures; newspapers; magazines, periodicals, catalogs, price lists, checks, cancelled checks, invoices, sales receipts,

charge receipts, personal receipts, bank records, tapes, computer printouts, data cards, programs or other input or output of data processing systems, photographs (positive prints or negative), transcripts or interviews or testimony before any person, officer or body whether sworn or unsworn, written statements or notes of interview or testimony, diaries, calendars, logs, expense records or other financial data, charts, graphs, maps, drawings or other representational depiction, telephone records, telegrams, magnetic tape, drum or disk records, motion picture film, microfilm or microfiches. The term "document" or "documents" shall also mean every copy or a document where such copy is not an identical duplicate of the original. A document is considered to be in Defendant's possession, custody or control if Defendant or its agents, attorneys or other representatives, have a right or privilege to examine it upon request or demand.

C. "Refer, relate or pertain" means any document which is responsive in any way to the subject matter of any request, including without limitation to the foregoing, all documents which contain, record, reflect, summarize, evaluate, comment upon, transmit, or discuss the subject matter of any request, as well as drafts, work papers, or other prepared materials, exhibits shown or circulated at any meeting, and the text or notes of any oral or written presentation or conversation.

D. The word "Debtor" shall include any or all Debtors set forth in the caption of this pleading. It is requested that to the extent possible, all documents produced in response to each specific request be arranged in separate categories identified by the paragraph number of the request to which such documents are responsive.

E. The word "IRAs" means collectively, the following: Amtrust Bank IRA valued at $109,000.00, Fidelity Federal IRA valued at $143,000.00, and Merrill Lynch IRA valued at $1,247,000.00 listed on the Debtor's Schedule B-12.

F. If any document is withheld under claim of privilege, the privilege invoked shall be stated and each such document shall be identified by date, author, addressee, copyee, subject matter (without disclosing its contents) sufficient to allow its description to the Court for ruling there on, present location, custodian and each person who has seen it.

G. If any documents requested have been destroyed, Defendant shall produce all documents which relate to the date or proposed date of and/or the reasons for such destruction.

H. The singular includes the plural and the plural includes the singular.

I.  The masculine includes the feminine.

J.  Where the word "any" is used in a request, it includes all documents so described.

K.  Each document requested herein is requested to be produced in its entirety and without deletions or exclusions, regardless of whether or not Defendant considers the entire document to be relevant to this case or responsive to these requests.

L.  These requests are deemed to be continuing in nature, calling for further responses at such time as additional documents become known or reasonably available.

## DOCUMENTS TO BE PRODUCED

1.  Any and all letters and/or qualification letters from the Internal Revenue Service relating to the IRAs from the inception of the IRAs to present.

2.  Any and all documentation relating to rollovers of assets into the IRAs from the inception of the IRAs to present.

3.  Any and all Documents evidencing the source of funds and/or assets used to fund the IRAs from the inception of the IRAs to present.

4.  Any and all documents relating to loans made from the IRAs and repayment of those loans from the inception of the IRAs to present.

5.  Any and All Documents relating to the withdrawal of funds and/or assets from the IRAs from the inception of the IRAs to present.

6.  Any and all Documents which the Debtor intends to rely on at any hearing before the Court on the Trustee's Objection to Exemptions (C.P. # 81) and/or Red Reef, Inc.'s Amended Objection to Exemptions relating to the IRAs.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via U.S. Mail to **Ernest W. Willis, c/o Kevin C. Gleason, Esq.,** KEVIN GLEASON P.A., 4121

N. 31st Avenue, Hollywood, FL 33021-2011 and **Ernest W. Willis**, 590 Silver Lane, Boca Raton, FL 33432 and by electronic mail to all parties on the attached service list on this 13th day of November 2007.

                                                          **ELK, CHRISTU & BAKST, LLP**

*/s/ Michael R. Bakst*

**Michael R. Bakst, Esq.**
**Florida Bar No.: 866377**
**Heather L. Ries, Esq.**
**Florida Bar No.: 581933**
**Attorneys for Trustee**
**222 Lakeview Ave., Suite 1330**
**West Palm Beach FL 33401**
**Telephone: (561) 238-9900**
**Facsimile: (561) 238-9920**
**Email: mbakst@ebcblaw.com**
        **hries@ebcblaw.com**

**Electronic Mail Notice List**

- Michael R Bakst    mrb@ebcblaw.com, chris@ebclaw.com;diane@ebclaw.com
- Kevin C Gleason    kgpaecmf@aol.com
- Deborah Menotte    menottetrustee@bellsouth.net, FL43@ecfcbis.com