UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

Case No. 07-11010-BKC-PGH
Chapter 7 Proceeding

ERNEST W. WILLIS,

   Debtor.
_____/

DEBORAH C. MENOTTE, Trustee in
Bankruptcy for Ernest W. Willis,

   Plaintiff,

v.

Adversary Case No.:

MERRILL-LYNCH, PIERCE, FENNER,
& SMITH INCORPORATED,

   Defendants.
_____/

**TRUSTEE'S COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY
PURSUANT TO 11 U.S.C. § 362(k), TO AVOID AND RECOVER
POST PETITION TRANSFER PURSUANT TO 11 U.S.C. § 549,
FOR TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. § 542,
AND FOR PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. § 547**

    The Plaintiff, **Deborah C. Menotte, Trustee in Bankruptcy for Ernest W. Willis,** by and through undersigned counsel, hereby sues the Defendant, Merrill Lynch, Pierce, Fenner, & Smith Incorporated ("Merrill Lynch" or "Defendant"), for Violation of the Automatic Stay Pursuant to 11 U.S.C. § 362(k), 11 U.S.C. § 105, and the inherent power of the Bankruptcy Court; to Avoid and Recover Post Petition Transfer Pursuant to 11 U.S.C. § 549, for Turnover of Property Pursuant to 11 U.S.C. § 542 and for Preferential Transfer Pursuant to 11 U.S.C. § 547, and alleges:

1

1. This is an adversary proceeding brought by **Deborah C. Menotte, Trustee in Bankruptcy for Ernest W. Willis,** ("Trustee") for Violation of the Automatic Stay Pursuant to 11 U.S.C. § 362, to Avoid and Recover Post Petition Transfer Pursuant to 11 U.S.C.§ 549, for Turnover of Property Pursuant to 11 U.S.C. § 542, and for Preferential Transfer Pursuant to 11 U.S.C. § 547.

2. This Court has jurisdiction over this subject matter pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. This a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. § 157(b)(2)(A)(E)(K) and (O).

4. This voluntary Chapter 7 bankruptcy proceeding was filed on February 16, 2007 (the "Petition Date"). The Trustee became the permanent Trustee after the §341 Meeting of Creditors was conducted and concluded on April 27, 2007.

5. The Defendant, Merrill Lynch, is a Foreign Profit Corporation registered to do business in Florida, is doing business in Palm Beach County, Florida and is otherwise subject to the jurisdiction of this Court.

6. The Debtor disclosed a Merrill Lynch Cash Account/JP Morgan/Chase account (the "MLC Account") on his Schedule B-2 which had a scheduled approximate value of $214,000.00 owned jointly by the Debtor and his wife.

7. The Debtor also listed Merrill Lynch on Schedule D as possibly holding a lien against the MLC Account in the amount of $148,720.00, however, the Trustee has not been provided sufficient documentation to support any lien.

8. The MLC Account is held in the name of the Debtor and his wife, Sunday S. Willis as joint tenants with the right of survivorship.

9. The MLC Account is not claimed as exempt on the Debtor's Schedule C. Moreover, the Debtor and his wife, Sunday S. Willis, have joint creditors with claims in excess of the value of the stock and/or funds that existed in the MLC Account on the Petition Date.

10. In or about March, 2007, post-petition, Merrill Lynch liquidated the stock in the MLC Account and paid off its line of credit based on its purported lien in the approximate amount of $148,720.00.

11. Merrill Lynch's actions in liquidating the stock in the MLC Account and applying the proceeds to its purported lien post-petition were unauthorized by the Court and as such, Merrill Lynch violated the automatic stay.

12. On August 24, 2007, the Trustee made written demand on Merrill Lynch, for turnover of one-half of the funds in MLC Account as of the Petition Date. The Trustee also requested that Merrill Lynch provide a statement of account demonstrating the amount of funds within the account on the filing date so that the Trustee could confirm that half of the proceeds had been sent. A copy of the written demand is attached hereto as Exhibit "1". The Defendant, Merrill Lynch has failed and refused to respond to the Trustee's demands.

### COUNT I - VIOLATION OF THE AUTOMATIC STAY BY MERRILL LYNCH PURSUANT TO 11 U.S.C § 362(k), 11 U.S.C. § 105 AND THE INHERENT POWER OF THE BANKRUPTCY COURT

13. The Plaintiff/Trustee, Deborah C. Menotte, realleges and reaffirms those allegations contained in Paragraphs 1 through 12 above.

14. Pursuant to 11 U.S.C. § 362, the Plaintiff/Trustee seeks an order from this Court determining that Merrill Lynch had notice of the bankruptcy, and that the post petition liquidation of the stock in the MLC Account and application of the proceeds to its purported lien and willful and deliberate refusal to return such funds to the Trustee, was a violation of the automatic stay.

15. The Plaintiff requests that the Court find that Defendant, Merrill Lynch willfully violated the automatic stay by failing to return property of the estate in which they obtained possession post petition by not only liquidating the stock in the MLC Account and applying the proceeds in the amount of at least $148,720.00 to its purported lien, but, by refusing to remedy such stay violation by returning such funds after being notified by the Trustee as to the bankruptcy filing who requested the return of such funds. Accordingly, the

Trustee requests that the Court grant the Plaintiff her compensatory and punitive damages, including but not limited to increases in the value of the stock after liquidation by Defendant that could have benefited the estate but for Defendant's unauthorized actions, costs and reasonable attorney fees incurred by such conduct and in having to bring this complaint pursuant to 11 U.S.C. §362(k), 11 U.S.C. § 105, and the inherent power of the Bankruptcy Court.

WHEREFORE, Plaintiff/Trustee, Deborah C. Menotte, respectfully requests that this Court find that Defendant, Merrill Lynch, willfully violated the automatic stay provisions of 11 U.S.C. § 362, awarding the Plaintiff compensatory and punitive damages, including but not limited to increases in the value of the stock after liquidation by Defendant that could have benefited the estate but for Defendant's unauthorized actions, her reasonable attorney fees and costs incurred in bringing this action pursuant to 11 U.S.C. § 362(k), 11 U.S.C. § 105, and the inherent power of the Bankruptcy court, plus that the Court grant any other relief as the Court deems just and proper.

## COUNT II - AVOIDANCE OF POST PETITION TRANSFER PURSUANT TO 11 U.S.C. § 549

16. The Plaintiff realleges Paragraphs 1 through 12 above as if fully set forth herein.

17. The MLC Account is held in the name of the Debtor and his wife, Sunday S. Willis as joint tenants with the right of survivorship.

18. On the Petition Date, stock with a value of approximately $224,000.00 was held in the MLC Account.

19. On or about March, 2007, post-petition, Defendant, Merrill Lynch liquidated the stock in the MLC Account and applied the proceeds to its purported lien in the approximate amount of $148,720.00.

20. The funds in the amount of at least $148,720.00 received by the Defendant, Merrill Lynch, as a result of liquidating the stock in the MLC Account and applying the

proceeds to its purported lien and any other funds and/or stock in the MLC Account, are property of the bankruptcy estate pursuant to 11 U.S.C. § 541.

21. The liquidation of the stock and transfer of the proceeds from the MLC Account to satisfy, Defendant, Merrill Lynch's purported lien, with a value of at least $148,720.00 occurred after the commencement of the bankruptcy and was not authorized by the Bankruptcy Code or by this Court. Such transfer is in violation of 11 U.S.C. § 549 and should be avoided pursuant to such statute and recovered pursuant to 11 U.S.C. §550. The Plaintiff seeks judgment against Defendant, Merrill Lynch, in the amount of at least $148,720.00 received by the Defendant, Merrill Lynch and the value of any increases in the value of the stock after liquidation by Defendant that could have benefited the estate but for Defendant's unauthorized actions.

**WHEREFORE**, the Plaintiff, **Deborah C. Menotte, Trustee in Bankruptcy for Ernest W. Willis**, by and through undersigned counsel, respectfully requests that the Court enter judgment setting aside and avoiding the unauthorized post petition transfer of Stock and/or funds with a value of at least $148,720.00 to Merrill Lynch, award damages in the amount of any increases in the value of the stock after liquidation by Defendant that could have benefited the estate but for Defendant's unauthorized actions, directing Merrill Lynch, to turn over to the estate the transferred stock and/or funds with a value of at least $148,720.00 and any other funds and/or stock in the MLC Account, and that the Court grant such other and further relief as the Court deems just and proper.

## COUNT III – TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. § 542

22. The Plaintiff realleges paragraphs 1 through 12 and 16 through 21 above as if fully set forth herein.

23. Pursuant to 11 U.S.C. § 542, the Trustee is entitled to receive and recover from the Defendant, Merrill Lynch, any and all stock and/or sums of money received by the Defendant from the post-petition transfer with a value of at least $148,720.00 and any other funds and/or stock in the MLC Account as property of the estate described above, for the

5

benefit of creditors of the bankruptcy estate.

24. The Defendant, Merrill Lynch, was the initial transferee or the entity for whose benefit the transfer was made, and as a result, the Plaintiff, Deborah C. Menotte, is entitled to avoid and recover the transfer pursuant to 11 U.S.C. § 550(a)(1) wherein the Court would find that the Defendant shall no longer hold any claim of lien, right, title, or interest in the funds and must turnover such funds to the Trustee.

WHEREFORE, the Plaintiff, **Deborah C. Menotte, Trustee in Bankruptcy for Ernest W. Willis,** by and through undersigned counsel, respectfully requests that this Court enter Judgment directing Defendant, Merrill Lynch, to turn over to the estate the transferred stock and/or funds with a value of at least $148,720.00 and any other funds and/or stock in the MLC Account, and that the Court grant such other and further relief as the Court deems just and proper.

## COUNT IV - PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. § 547

25. The Plaintiff re-alleges paragraphs 1 through 12 as if fully set forth herein.

26. Pursuant to 11 U.S.C. § 101(32), the Debtor was insolvent at the time of the transfer of any stock and/or funds, if any stock and/or funds were received pre-petition totaling at least $148,720.00, and at the time of the set off by Merrill Lynch, in that his debts were greater than all of his property.

27. The transfer of stock and/or funds to the Defendant Merrill Lynch, totaling at least $148,720.00:

    (a) was for the benefit of a creditor of the Debtor;

    (b) was for an antecedent debt allegedly owed by the Debtor before the transfers were made;

    (c) was made while the Debtor was insolvent;

    (d) was made either on or within ninety (90) days before the date of the

filing of the petition; and

(e)     enabled the Defendant to receive more than they would have received if the case was filed under Chapter 7 of this title, the transfers had not been made and the Defendant received payment of its debts to the extent provided by the provisions of Title 11 of the Bankruptcy Code.

28.     The Defendant, Merrill Lynch, was the initial transferee or the entity for whose benefit the transfers with a value of at least $148,720.00 were made, and as a result, the Plaintiff, Deborah C. Menotte, is entitled to recover the transfer totaling at least $148,720.00, pursuant to 11 U.S.C. § 550(a)(1).

**WHEREFORE**, the Plaintiff, **Deborah C. Menotte, Trustee in Bankruptcy for Ernest W. Willis**, by and through undersigned counsel, respectfully requests that the Court enter judgment setting aside and avoiding the preferential transfers of Merrill Lynch and entering such judgment against **Merrill Lynch** in the amount of at least $148,720.00 or in such amounts determined at trial, awarding court costs and interest, and such other and further relief as the Court deems just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

DATED this the 13th day of November, 2007.

ELK, CHRISTU & BAKST LLP

*/s/ Michael R. Bakst*

MICHAEL R. BAKST, ESQ.
Florida Bar No.: 866377
HEATHER L. RIES, ESQ.
Florida Bar No.: 581933
Attorneys for the Trustee
222 Lakeview Avenue, Suite 1330
West Palm Beach FL 33401
Telephone: (561) 238-9900
Facsimile: (561) 238-9920



# Elk Christu & Bakst, LLP
### ATTORNEYS AT LAW

Esperante
Suite 1330
222 Lakeview Avenue
West Palm Beach, FL 33401

561.238.9900
561.238.9920 Facsimile
www.ebcblaw.com

West Palm Beach
Boca Raton

MICHAEL R. BAKST
mbakst@ebcblaw.com

August 24, 2007

**BY CERTIFIED MAIL/RRR**
Merrill-Lynch
3300 PGA Boulevard
Palm Beach Gardens, Florida 33410

Re:   Ernest W. Willis, Debtor
      Case No.: 07-11010-PGH

To Whom it May Concern:

On March 14, 2007 a voluntary Chapter 7 bankruptcy was filed in the Southern District of Florida on behalf of Ernest Willis in Case Number 07-11010-BKC-PGH. Deborah Menotte has been appointed as the Chapter 7 Trustee and this law firm is representing her interests. I am enclosing a copy of the notice of commencement for your review.

The Debtor has disclosed a Merrill Lynch Cash Account a/k/a CMA Account a/k/a JP Morgan Chase account on his Schedule B-2 which has a schedule approximate value of $214,000.00, for which the estate owns a one half interest. The Debtor has listed Merrill Lynch on his Schedule D as possibly holding a lien against such account, however, I have not seen sufficient documentation to support any lien. The Debtor also believes that there may have been some type of set off against the account post petition, which the Trustee would certainly contend would be unauthorized.

The purpose of this letter is to demand that one half of the fund within the subject account as of the date of the bankruptcy filing be turned over to the Trustee within the next ten (10) days. We would need for you to provide a statement of account demonstrating the amount of funds within



EXHIBIT /

Merrill-Lynch
August 24, 2007
Page 2

the account on the filing date so that we can confirm that half of the proceeds have been sent. If you assert that there are any defenses to this demand, please notify me and send supporting documentation

Very truly yours,

ELK CHRISTU & BAKST, LLP

By: _____
Michael R. Bakst, Esq.

MRB/dlc
Enclosure
cc: Deborah C. Menotte, Trustee

J:\002629\0165 - (07-11010) Willis, Ernest\Merrill-Lynch 8.24.07 letter.doc/dlc

**FORM B9A (Chapter 7 Individual or Joint Debtor No Asset Case) (1/22/07)**                                             Case Number 07-11010-PGH

# UNITED STATES BANKRUPTCY COURT
## Southern District of Florida
### www.flsb.uscourts.gov

## Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on 2/16/07.
You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights.
All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below.
**NOTE: THE STAFF OF THE BANKRUPTCY CLERK'S OFFICE CANNOT GIVE LEGAL ADVICE.**

See Reverse Side For Important Explanations and SDFL Local Court Requirements.

**Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):**
Ernest W Willis
590 Silver Lane
Boca Raton, FL 33432

| Case Number:<br>07-11010-PGH – Division: West Palm Beach | Social Security/Taxpayer ID/Employer ID/Other Nos.:<br>xxx-xx-5749 |
|---|---|
| **Attorney for Debtor(s) (or Pro Se Debtor) name and address:**<br>Kevin C Gleason Esq<br>4121 N 31 Avenue<br>Hollywood, FL 33021<br>Telephone number: (954) 893-7670 | **Bankruptcy Trustee (name and address):**<br>Robert C Furr<br>www.furrcohen.com<br>2255 Glades Road Ste 337W<br>Boca Raton, FL 33431<br>Telephone number: 561-395-0500 |

### MEETING OF CREDITORS
**Date: March 23, 2007      Time: 08:30 AM**
**Location: Flagler Waterview Bldg, 1515 N Flagler Dr Rm 870, West Palm Beach, FL 33401**

Note: Debtors must bring original government-issued photo identification and proof of the social security number to this meeting. **WARNING TO DEBTOR:** Without further notice or hearing the court may dismiss your case for failure to timely pay filing fee installments, failure to appear at the meeting of creditors or failure to timely file required schedules, statements or lists, and, for cases filed on or after October 17, 2005, for failure to file pre-bankruptcy certification of credit counseling or file wage documentation.

### Presumption of Abuse under 11 U.S.C. § 707(b)
*See "Presumption of Abuse" on reverse side.*
The presumption of abuse does not arise.

### Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

**Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts: 5/22/07**
**Deadline to Object to Trustee's Report of Abandonment:** See explanation on reverse.
**Deadline to Object to Exemptions:**
Thirty days after the conclusion of the meeting of creditors scheduled in this notice or within thirty days of any amendment to the list or supplemental schedules.

### Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

### Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

### Foreign Creditors
A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| Address of the bankruptcy clerk's office where assigned judge is chambered:<br>Flagler Waterview Bldg<br>1515 N Flagler Dr #801<br>West Palm Beach FL 33401<br>Telephone: 561-514-4100 | | **CLERK**<br>**USBC**<br>**SDFL**<br>**FILED**<br>**2/16/07** |
|---|---|---|
| Hours Open: Monday – Friday 9:00 AM – 4:30 PM<br>Closed all Legal Holidays | Clerk of the Bankruptcy Court: Katherine Gould Feldman<br>For: Judge Paul G Hyman Jr<br>Date: 2/16/07 | |

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

Article Sent To:

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Name (Please Print Clearly) (to be completed by mailer)
*Merrill Lynch*

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, July 1999                        See Reverse for Instructions