**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:                                              **Case No.: 07-11010-BKC-PGH**
                                                    **Chapter 7 proceeding**

**ERNEST W. WILLIS**

    **Debtor.**

_____/

**TRUSTEE'S OBJECTION TO DEBTOR'S AMENDED EXEMPTIONS (C.P. # 183)**

The Trustee in Bankruptcy, **Deborah C. Menotte,** by and through undersigned counsel, hereby files this Objection to Debtor's Amended Exemptions (C.P. # 183) and states:

**Procedural and Factual Background**

1.    This voluntary Chapter 7 bankruptcy proceeding was filed on February 16, 2007. Deborah C. Menotte was appointed as the interim Chapter 7 Trustee, and upon the conclusion of the § 327 first meeting of creditors on April 27, 2007, became the permanent Chapter 7 Trustee.

2.    Prior to the Petition Date, the Debtor gave Kevin Gleason P.A. ("KGPA") the following stock certificates: Anheuser-Busch Certificate # D485649 – 448 shares [and] East Side Savings and Loan Cert # U 1166 – 1000 shares (the "Stock").

3.    On March 14, 2007, the Debtor filed his Schedules and Statement of Financial Affairs.

4.    The Debtor listed the Stock on his Schedule B.

5.    The Debtor did not list the Stock as held by tenants by the entireties on his Schedule B. Furthermore, the Debtor did not list the Stock as property claimed as exempt on Schedule C.

6.    KGPA asserted that it had a retaining lien and a right to retain the Stock in its

1

possession throughout the instant chapter 7 case as collateral for both pre-petition and post-petition fees and costs, including future fees.

7.     At the Debtor's 2004 Examination on May 24, 2007, the Debtor testified that the Stock was in his and his wife's name in joint tenancy. *See* May 24, 2007 Transcript of 2004 Examination of Ernest W. Willis ("Debtor 2004 Exam"), P. 174, Lines 3-14. The Debtor further testified that the Anheuser-Busch stock was owned by Sunday Willis before the Debtor married her and the East Side Savings stock was owned by the Debtor before he married Sunday Willis. After the Debtor and Sunday Willis were married, the Debtor added Sunday Willis' name to the East Side Savings stock and Sunday Willis added the Debtor's name to the Anheuser-Busch stock. *See* Debtor 2004 Exam, PP. 184-185.

8.     On July 30, 2007, the Trustee filed the Trustee's Objection to Exemptions (C.P. # 81). The Trustee did not object to the Stock being exempt as it was not listed as exempt on Schedule C.

9.     On August 7, 2007, the Debtor filed Amended Schedules and an Amended Statement of Financial Affairs (C.P # 92). The Amended Schedules did not include any amendments to the Debtor's Schedules B or C. However, the Amended Statement of Financial Affairs did list Kevin Gleason, P.A. under item number 9 which requests information about payments related to debt counseling or bankruptcy and provides that KGPA holds the Stock as collateral.

10.     On August 21, 2007, the Trustee file a Complaint against KGPA seeking turnover of the Stock so that it may be sold and KGPA's lien, if any, would attach to the proceeds of the sale (the "KGPA Adversary").

2

11.     Despite, numerous requests by the Trustee prior to filing the KGPA Adversary, KGPA failed and refused to turn over the Stock. In its refusal, it never indicated that the Stock was claimed as exempt or held as tenants by the entireties.

12.     Nowhere in KGPA's Answer (KGPA Adversary, C.P. # 7) does it indicate that the Stock is held by tenants by the entireties or the that the property is exempt. In fact, KGPA indicates, in pertinent part, as follows in Paragraph 20 of its Answer: "The Stock is property of the estate, but is subject to a lien, no different from real property subject to a mortgage. The Debtor has expressed an interest in purchasing the stock, and most of the remaining non-exempt assets of the estate, which offer was contained in a letter attaches as Exhibit A…"

13.     On September19, 2007, KGPA filed a Motion for Partial Summary Judgment (KGPA Adversar, C.P. # 8). KGPA's motion does not indicate that the Stock is exempt or tenancy by the entireties but refers to the Stock as "jointly-owned stock certificates in two publicly-traded companies".

14.     On October 1, 2007, the Trustee filed her Response to KGPA's Motion for Partial Summary Judgment and Cross-Motion for Summary Judgment (KGPA Adversary, C.P. # 17).

15.     On November 28, 2007, the Court entered the Order Granting, In Part, And Denying, In Part, Defendant's Motion For Partial Summary Judgment And Stay And Granting, In Part, And Denying In Part, Trustee's Cross-Motion For Summary Judgment (KGPA Adversary, C.P. # 22) (the "Summary Judgment Order") which Ordered and Adjudged as follows:

> 1.     Defendant's Partial Summary Judgment Motion and Stay is **GRANTED IN PART** and **DENIED IN PART**. The Defendant has a security interest and a retaining lien in the Stock to the extent of his reasonable pre-petition attorney's fees and costs.

3

2.    Trustee's Cross-Motion is **GRANTED IN PART** and **DENIED IN PART**. The Trustee shall be entitled to turnover of the Stock and authorized to sell same with the security interest and retaining lien of the Defendant attaching to the proceeds thereof.

3.    The amount of Defendant's security interest and reasonable pre-petition fees and costs shall be determined at an evidentiary hearing to be set upon completion of discovery by calling the Court's Courtroom Deputy.

16.    On December 10, 2007, KGPA filed its Motion to Reconsider (KGPA Adversary, C.P # 26) the Summary Judgment Order and it was denied by the Court on December 18, 2007.

17.    On December 12, 2007, the Debtor filed his Amended Schedules B and C (C.P. # 183). On Schedule B, the Debtor amended the description of the Stock to include "1/2 Undivided Interest as Tenants by the Entireties." On Schedule C, the Debtor amended to add the Stock as property claimed as exempt under 11 USC § 522(b)(2)(B).

18.    The Trustee objects to the Debtor's claimed exemption in the Stock and this Court should sustain the Trustee's objection and deny the Debtor's claimed exemption in the Stock as set forth below.

## ARGUMENT

### I.    Debtor's Claim Of Exemption In Stock Is Untimely And In Bad Faith

The Trustee objects to the Debtor's claimed exemptions to the newly listed Stock on the Debtor's Amended Schedule C on the basis that the proposed amendments would prejudice creditors and the Trustee and said amendments were made in bad faith. Despite permissive language in Rule 1009(a) of the Federal Rules of Bankruptcy Procedure that allows amendments to lists or schedules filed a debtor, courts have the "discretion to not permit amendments: (i) if the proposed amendment

4

would prejudice creditors; (ii) if the debtor has acted in bad faith; or (iii) if the debtor concealed assets." *In re Talmo*, 185 B.R. 637, 644 (Bankr. S.D. Fla. 1995). Any one of the four factors standing alone is sufficient grounds to strike an amended claim of exemption. *Id*. at 645.

Allowing the Debtor's amendment of Schedule C to add the Stock at this stage of the case would prejudice the Trustee, the Debtor's estate, and the Debtor's creditors. As set forth in the *Talmo* case, there are several ways that prejudice may be established:

> Prejudice may be established by showing harm to the litigating posture of parties in interest. If the parties would have taken different actions or asserted different positions had the exemption been claimed earlier, and the interest of those parties are detrimentally affected by the timing of the amendment, then the prejudice is sufficient to deny amendment. Moreover, an amendment is prejudicial if it impairs a trustee in the diligent administration of the estate.

The Trustee and the Debtor's creditors would be prejudiced by the amendments because the Court's allowance of the exemption with respect to the Stock would deprive the estate of the equity in the Stock. Moreover, to the extent the Debtor had claimed a valid exemption in the Stock at the outset of this case, it is likely that the Trustee would not have incurred the time, fees and costs of filing an adversary proceeding against KGPA for turnover of the stock and been forced to proceed through the involved process of responding to KGPA's motion for summary judgment, filing her own motion for summary judgment and attending a hearing on those motions. The Trustee would have emplyed different business and litigation strategies.

The Debtor also acted in bad faith by amending his Schedule C to add the Stock shortly after the Court entered the Summary Judgment Order which entitles the Trustee to turnover of the Stock and authorization to sell same with any security interest of Debtor's counsel, KGPA, to attach to the

proceeds. The Debtor's amended Schedule C was coincidentally filed two days after KGPA's motion for reconsideration of the Summary Judgment Order which was ultimately denied. The Trustee believes that the Debtor made a voluntary decision upon filing his original schedules not to claim the Stock as exempt and has now conveniently amended his Schedules after the ruling of this Court in the KGPA Adversary, so that counsel can be paid from the Stock as an exempt asset of the Debtor for his post-petition fees. It is apparent from testimony of the Debtor at his Rule 2004 Examination that the Stock is not exempt and the Debtor, nor his counsel believed that it was exempt until the time that the Debtor filed his amended Schedule C to add the Stock. By example, in counsel's refusal to turn over the Stock despite numerous requests, Debtor's counsel never asserted that the Stock was exempt as held by tenants by the entireties or otherwise. In KGPA's Answer in the adversary proceeding, KGPA indicated, in pertinent part that "[t]he Stock is property of the estate, but is subject to a lien, no different from real property subject to a mortgage. The Debtor has expressed an interest in purchasing the stock, and most of the remaining non-exempt assets of the estate, which offer was contained in a letter attaches as Exhibit A…" KGPA Adversary, C.P. #7 at Paragraph 20, 28 and 36. KGPA's Summary Judgment Motion does not indicate that the Stock is exempt or held by tenancy by the entireties but refers to the Stock as "jointly-owned stock certificates in two publicly-traded companies". Moreover, the Debtor testified at his Rule 2004 Examination that the Stock was in his and his wife's name in joint tenancy.

## II.  Debtor Is Barred From Claimed Exemption In Stock By Judicial And Collateral Estoppel

The Debtor should be judicially estopped from now asserting that the Stock is exempt. Judicial estoppel prevents parties from asserting inconsistent positions in legal proceedings and,

thereby, undermining the integrity of the judicial system or gaining unfair advantage over other parties. *See New Hampshire v. Maine*, 532 U.S. 742, 121 S.Ct. 1808, 1814, 149 L.Ed.2d 968 (2001). The Debtor has taken inconsistent positions in this bankruptcy case and is undermining the integrity of the judicial system in order to attempt to gain an unfair advantage over the Trustee and the Debtor's creditors. The Debtor has made statements under oath in this case that the Stock is held as joint tenants. Debtor 2004 Exam, P. 174, Lines 3-14. Debtor's counsel has admitted to this Court in its Answer to the Compliant in the KGPA adversary proceeding that the Stock is property of the estate and non-exempt. *See* KGPA Adversary, C.P. #7 at Paragraph 20, 28 and 36.

The Debtor and its counsel are now attempting to take an inconsistent position in this case and claim that the Stock is exempt. It is the Trustee's belief that the Debtor is doing this in order to undermine the integrity of the judicial system and obtain an unfair advantage over the Trustee with the result being that the Stock would remain in the hands of KGPA for payment of fees rather than turnover as required by the Summary Judgment Order.

The Debtor should also be estopped by virtue of collateral estoppel. "Collateral estoppel prevents the relitigation of issues already litigated and determined by a valid and final judgment in another court." *HSSM #7 Limited Partnership v. Bilzerian (In re Bilderian)*, 100 F.3d 886, 892 (11th Cir. 1996). Whether the Stock is property of the estate was at issue in the KGPA Adversary. Debtor's counsel, KGPA admitted that the Stock was non-exempt property of the estate. *See* KGPA Adversary, C.P. #7 at Paragraph 20, 28 and 36. The determination of whether the Stock is property of the estate was critical and a necessary part of the Summary Judgment Order. The issue of whether the Stock is property of the estate has already been litigated in the KGPA Adversary and the Debtor should not know be permitted to undue such determination through improper means.

7

III.  **The Stock Does Not Possess All The Unities Required To Be Held As Tenancy By The Entireties**

The Stock, which the Debtor has now claimed through his amended Schedule C is held as tenancy by the entireties does not possess the six unities required for a tenancy by the entireties exemption. Property held as tenancy by the entireties must possess the following six characteristics:

> (1) unity of possession (joint ownership and control); (2) unity of interest (the interests in the account must be identical); (3) unity of title (the interests must have originated in the same instrument); (4) unity of time (the interests must have commenced simultaneously); (5) survivorship; and (6) unity of marriage (the parties must be married at the time the property became titled in their joint names).

*In re Kossow*, 325 B.R. 478, 483 (Bankr. S.D. Fla. 2005); *see also In re Richardson*, 151 B.R. 613 (Bankr. S.D. Fla. 1993).

In the instant case, the Stock fails to meet the requirements of unity of title and unity of time. The Stock was acquired prior to the Debtor and his wife's marriage. As indicated in the Debtor's Rule 2004 testimony, the Anheuser-Busch stock was owned by Sunday Willis before the Debtor married her and the East Side Savings stock was owned by the Debtor before he married Sunday Willis. After the Debtor and Sunday Willis were married, the Debtor added Sunday Willis' name to the East Side Savings stock and Sunday Willis added the Debtor's name to the Anheuser-Busch stock. *See* Debtor 2004 Exam, PP. 184-185. In addition, the Stock is titled in the names of "Ernest W. Willis & Sunday S. Willis JT TEN".

IV.  **Joint Creditor Destroys Tenancy By The Entireties Exemption**

Red Reef, Inc., a joint creditor of the Debtor and his wife, has a judgment against the Debtor and his wife jointly for $1,968,125.92, an amount far in excess of the value of the Stock. Therefore, Red Reef, Inc., as a joint creditor of the Debtor and his wife can be satisfied from the Stock even if

8

this Court were to allow the Debtor's claim of exemption in the Stock. *See In re Monzon*, 214 B.R. 38 (Bankr. S.D. Fla. 1997)("Under Florida law, "[e]ntireties property is *not* exempt from process to satisfy joint debts of both spouses."). Therefore, the Trustee is empowered under the Code to liquidate the property under 11 U.S.C. § 363(h).

WHEREFORE, the Trustee, **Deborah C. Menotte**, by and through undersigned counsel, respectfully requests that the Court enter an Order sustaining the Trustee's objection to exemption of Anheuser-Busch Certificate # D485649 – 448 shares and the East Side Savings and Loan Cert # U 1166 – 1000 shares plus grant such other and further relief as the Court deems just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United State District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by regular U.S. Mail to: **Ernest W. Willis**, 590 Silver Lane, Boca Raton FL 33431; **J.M. Kelley Investigative Services, Inc.;** POB 608082 Orlando, FL 32860; **Stephen B Rakusin**, 1 E Broward Blvd., #444, Ft. Lauderdale, FL 33301; **SunTrust Bank Bankruptcy Support**, POB 85092, Richmond, VA 23286 and to all parties on the attached service list, on this the 16th day of January 2007;

ELK CHRISTU & BAKST, LLP

Michael R. Bakst, Esq.
Florida Bar No.: 866377
Heather L. Ries, Esq.
Florida Bar No.: 581933
Attorney for Trustee
222 Lakeview Ave., Suite 1330
West Palm Beach FL 33401
Telephone: (561) 238-9900
Facsimile: (561) 238-9920

9

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case.

- Michael R Bakst    mrb@ebcblaw.com, chris@ebclaw.com;diane@ebclaw.com
- Jacqueline Calderin    jc@ECCcounsel.com, mj@ecccounsel.com;scunningham@ECCcounsel.com;phornia@ecccounsel.com
- Rilyn A Carnahan    rac@ebcblaw.com
- Robert P. Charbonneau    rpc@ECCcounsel.com, scunningham@ECCcounsel.com;mj@ecccounsel.com;phornia@ecccounsel.com
- Robert F. Elgidely    relgidely@gjb-law.com, cbucolo@gjb-law.com
- Kevin C Gleason    kgpaecmf@aol.com
- Kenneth M Jones    kjones@moodyjones.com
- Soneet R. Kapila    msams@kapilaco.com
- Gary J. Lublin    garylublin@aol.com
- Deborah Menotte    menottetrustee@bellsouth.net, FL43@ecfcbis.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Natalie S Pappas    nataliepappas@gmail.com
- Heather L Ries    hlr@ebcblaw.com, mab@ebcblaw.com
- Harry J Ross    hross@hjrlaw.com, jerri@hjrlaw.com
- John A. Watson    john.watson@marshallwatson.com
- Scott R. Weiss    scott.weiss@marshallwatson.com