

**ORDERED in the Southern District of Florida on January 25, 2008.**

_____
Paul G. Hyman, Chief Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

In re:                                   CASE NO.:07-11010-BKC-PGH
                                         CHAPTER 7
Ernest W. Willis,
     Debtor(s).
_____/

## ORDER DENYING MOTION FOR SANCTIONS AND PLACING PARTIES ON NOTICE THAT THE COURT MAY INVOKE BANKRUPTCY RULE 9011

**THIS MATTER** came before the Court on January 23, 2008, upon Ernest Willis's ("Debtor") Motion for Sanctions ("Motion"). The Motion seeks sanctions against Red Reef, Inc. ("Creditor") pursuant to Rule 9011(c) based upon Creditor's objection to the Debtor's claim of exemption in his homestead which is owned by the Debtor and his non-filing spouse in a tenancy by the entirety. The Motion asserts that there was no factual or legal basis for Creditor's prosecution of this objection.

Rule 9011 sanctions may be imposed "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no

reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." *Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1506 (11th Cir. 1993)(*quoting Pelletier v. Zweifel*, 921 F.2d 1465, 1514 (11th Cir. 1991)). Rule 9011(c)(1)(A) provides the procedural requirements for a motion seeking sanctions under the rule. Bankruptcy Rule 9011(c)(1)(A) states in pertinent part:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.

Bankruptcy Rule 9011(c)(1)(A).

Debtor's Motion is not only substantively without merit, it is also procedurally deficient. The Motion recites that the Court denied Creditor's motion for reconsideration "today at 3:20 p.m." (Motion ¶ 13). Thus on its face, the Motion reveals that Debtor did not serve the Rule 9011 Motion twenty-one days *prior* to filing it with the Court. Failure to comply with the procedural requirements of Rule 11 precludes imposition of the requested sanctions. *Brickwood Contractors v. Datanet Eng'g Inc.*, 369 F.3d 385, 389 (4th

2

Cir. 2004).

Debtor's Motion is also substantively without merit. As to the legal basis of Creditor's objection, the Court does not find that the legal arguments advanced by Creditor in attempting to limit the Debtor's exemption in his homestead were frivolous as having been based on a legal theory that had no reasonable chance of success and that could not be advanced as a reasonable argument to change existing law. Indeed, the issue presented by Creditor was one of first impression for this Court in interpreting BAPCPA's new subsections (o) and (q) of 11 U.S.C. § 522.

As to Debtor's assertion that there was no factual basis for Creditor's prosecution of this proceeding, the Court reminds Debtor that _both_ Debtor and Creditor _failed_ to submit a joint stipulation of facts as ordered. If the parties were unable to agree on the relevant facts, either or both parties should have advised the Court of the impasse instead of _ignoring_ the Court's order.

Rule 9011 permits courts to impose attorney's fees as a sanction for conduct which fails to meet a reasonableness standard. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 47 (1991). "The purpose of Rule 11 sanctions is to 'reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers.'" *Kaplan v. Daimler Chrysler, A.G.*, 331 F.3d 1251,1255 (11th Cir. 2003)(*citing Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001)).

In the Court's view the filing of sanctions motions as a

3

litigation tactic is in itself sanctionable. In addition to Rule 9011, the Court has authority to impose sanctions pursuant to 28 U.S.C. § 1927, and pursuant to its inherent powers under 11 U.S.C. § 105. Section 1927 provides:

> Any attorney or other person admitted to conduct such cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. §1927

The requirements for imposition of sanctions pursuant to §1927 include the following: 1) the attorney in question must engage in "unreasonable and vexatious" conduct; 2) such conduct must multiply the proceedings, and 3) "the dollar amount of the sanction must bear a financial nexus to the excess proceedings, *i.e.*, the sanction may not exceed the 'costs, expenses, and attorneys' fees reasonably incurred because of such conduct.'" *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)(*citing* 28 U.S.C. § 1927). The Eleventh Circuit also requires a finding of bad faith for imposition of § 1927 sanctions. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1178 (11th Cir. 2005). The improper filing of sanctions motions as a litigation tactic is tantamount to bad faith. Such conduct provides a basis for imposition of § 1927 sanctions against the offending attorney.

"Federal courts [also] have the inherent power to impose

4

sanctions on parties, lawyers, or both. . . . This power is derived from the court's need 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.' " *Bank of New York, v. Sunshine Jr. Stores, Inc. (In re Sunshine Jr. Stores, Inc.)*, 456 F.3d 1291, 1304 (11th cir. 2006) (*citing Byrne v. Nezhat*, 261 F.3d 1075, 1121 (11th Cir.2001); *In re Mroz*, 65 F.3d 1567, 1572 (11th Cir.1995)). The "key to unlocking a court's inherent power is a finding of bad faith." *Id.* (*citing Byrne*, 261 F.3d at 1106 (*quoting Barnes v.Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998))).

The American Rule prohibits fee shifting in most cases, however narrow exceptions permit a court to impose attorney's fees as sanctions in cases where a litigant has engaged in bad faith conduct or willful disobedience of court orders. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 47 (1991). The narrow exceptions to the American Rule generally involve egregious conduct.

The Court reminds the parties that Bankruptcy Rule 9011 (c)(1)(B) allows a Court, <u>*on it own initiative*</u>, to issue an order directing an attorney to show cause why the attorney has not violated Rule 9011(b). Rule 9011(b) states in pertinent part:

> <u>Representations to the Court</u>
> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

5

    (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
    (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
    (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
    (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

The parties are placed on notice that the improper filing of sanctions motions or other pleadings as a litigation tactic is in itself bad faith conduct for which the Court will not hesitate to impose sanctions. The Court expects the parties to conduct themselves professionally. The filing of any additional sanctions motions that fail to meet the strict requirements for such motions will not be looked upon favorably by the Court and may result in sanctions being imposed on the moving party.

The Court, being otherwise fully advised in the premises, hereby:

**ORDERS AND ADJUDGES** that the Motion is **DENIED** based upon both parties having failed to submit a joint stipulation of facts as ordered.

###

Kevin Gleason, Esq.
Robert Charbonneau, Esq.
Heather Ries, Esq,
AUST

6