UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                               Case No.: 07-11010-BKC-PGH
                                                     Chapter 7 proceeding
ERNEST W. WILLIS

    Debtor.
_____/

### TRUSTEE'S MOTION TO STRIKE DEBTOR'S AMENDED EXEMPTIONS (C.P. # 349) AND IN THE ALTERNATIVE, OBJECTION TO DEBTOR'S AMENDED EXEMPTIONS (C.P. # 349)

The Trustee in Bankruptcy, **Deborah C. Menotte,** by and through undersigned counsel, hereby files this Motion to Strike Debtor's Amended Exemptions (C.P. # 349) and in the Altnerative Objection to Debtor's Amended Exemptions (C.P. # 349) and states:

#### Procedural and Factual Background

1. This voluntary Chapter 7 bankruptcy proceeding was filed on February 16, 2007. Deborah C. Menotte was appointed as the interim Chapter 7 Trustee, and upon the conclusion of the § 327 first meeting of creditors on April 27, 2007, became the permanent Chapter 7 Trustee.

2. On March 14, 2007, the Debtor filed his Schedules, including Schedule C – Property Claimed As Exempt (C.P. # 13).

3. The Debtor claimed that the full value of the Amtrust Bank IRA account ($109,000), Fidelity Federal IRA account ($143,000), and his Merrill Lynch IRA account ($1,247,000.00) were exempt pursuant to FSA § 222.21(1).

4. On July 30, 2007, the Trustee filed Trustee's Objection to Exemptions (C.P. # 81)

FTL:2742192:1

1

("Trustee's Objection").

5. The Trustee's Objection to the Debtor's claimed exemption in his IRA Accounts states as follows:

> The Debtor has listed three IRAs on his Schedule B-12 as follows:
>
> Amstrust Bank IRA valued at $109,000.00
> Fidelity Federal IRA valued at $143,000.00
> Merrill Lynch IRA valued at $1,247,000.00
>
> All of which he claims as exempt on his Schedule C pursuant to Florida Statutes '222.21(1). The Trustee must object to these IRAs as being exempt, as the Trustee has not been provided with any documentation to support any of these accounts being exempt pursuant to Fla. Statute §222.21(1). In addition, the Trustee cannot determine if such IRAs violate the provisions of 26 U.S.C. §§ 408(a)(1), 408(d)(3)(A), and 408(e)(2)(a), including whether they are rollovers from non-exempt assets. The Trustee must object pending future discovery as to whether such IRAs satisfy the requirements of § 222.21(1).

*See* Paragraph 4 of Trustee's Objection (C.P #81).

6. On July 30, 3007, Red Reef, Inc. filed its Amended Objection to Exemptions (C.P. # 82) ("Red Reef's Exemption Objection"). In Red Reef's Exemption Objection it also objects to the claimed exemption by Mr. Willis in the Amtrust Bank IRA account, Fidelity Federal IRA Account, and the Merrill Lynch IRA account (the "IRA Accounts").

7. The Trustee and Red Reef have been litigating the Trustee's Objection and Red Reef's Objection before the Court for almost a year. Moreover, this matter has been briefed at least in part by Red Reef and the Trustee as reflected by the following documents filed with the Court: Debtor's Motion for Partial Summary Judgment on Objection to Exemptions (C.P. #112)("Debtor's

FTL:2742192:1

2

Summary Judgment Motion"); the Trustee's Response to the Debtor's Summary Judgment Motion (C.P. # 117); Red Reef's Motion for partial Summary Judgment on Red Reef's Objection (C.P. # 189)("Summary Judgment Motion") filed on December 27, 2007 along with the Affidavit of the Expert Witness Sharon Quinn Dixon, Esq. (C.P. # 190); the Debtor's Certification in opposition to the Summary Judgment Motion (C.P. # 246) and a Cross-Motion for Partial Summary Judgment and Response (C.P. # 247)("Cross-Motion") filed on February 25, 2008; and Red Reef's Response to the Debtor's Cross-Motion and Reply (C.P. # 281) filed on March 28, 2008. Considerable time has been spent by the parties based on the Debtor's original claimed exemption in the IRA Accounts based on FSA § 222.21(1).

8.  There has been no determination in favor of the Debtor that the IRA accounts are exempt.

9.  On May 24, 2007, at the Debtor's 2004 Examination, the Debtor testified that he had taken money out of the IRA Accounts post-petition in the amount of approximately $15,000.00 (C.P. # 118, PP. 47-48). Counsel for the Trustee advised the Debtor at the 2004 Examination that no money should be taken out of the IRA, disposed of, or liquidated and requested an accounting as follows:

> MR. BAKST: Have you taken money out after the bankruptcy?
>
> THE WITNESS:   Out of the IRA?
>
> MR. BAKST: Yes, sir.
>
> THE WITNESS:   Yes.
>
> MR. BAKST: Okay, Just so, this should have been very clear to you

FTL:2742192:1

when you filed. You do not have authority to administer, I'm sorry, not administer, to liquidate, take out, to dispose of, to encumber any assets until they're found to be exempt.

We're going to, just so you know on the record, we are going to need an accounting of that. That money needs to be turned over, and that is the trustee's position. No such money should be taken out of anything.

THE WITNESS:    That's my living.

MR. BAKST: I'm just explaining to you. No property of the estate should have been spent, received, disposed of or encumbered by you post petition, just so the record is very clear to make sure you understand that, sir. Do you understand what I have told you? You may not agree, but do you understand what I told you?

THE WITNESS:    I hear what you said.

MR. BAKST: Thank you.

(C.P. # 118, P. 47, Lines 9-25; P. 48, Lines 1-8).

10.    The Debtor has not provided an accounting of the funds that he spent post-petition and prior to his Rule 2004 Examination.

11.    On or about May 7, 2008, the Trustee served the Debtor with a request for production in the adversary proceeding by the Trustee against the Debtor objecting to the Debtor's discharge. In the request for production, the Trustee again requests an accounting requesting the following documents:

> 4.    Accounting for use of money withdrawn from the Debtor's
>
> IRAs post-petition.

FTL:2742192:1

      5.     Any and all account statements for the Debtor's IRAs from February 16, 2007 to present.

The responses to the Trustee's request for production were due on Friday, June 6, 2008. The Trustee has not received any responses to her discovery.

      12.    Counsel for the Debtor represented to the Court, on the record, on Monday, June 9, 2008, that the Debtor has been spending the money in the IRA Accounts for living expenses.

      13.    Based on the representations made by Debtor's counsel, the Debtor was continuing to dissipate the funds in the IRA Accounts post-petition.

      14.    On June 12, 2008, the Trustee filed her Emergency Verified Motion of Chapter 7 Trustee, Deborah C. Menotte, For Entry of Temporary Restraining Order And Preliminary Injunction And request For A Preliminary Injunction Hearing (the "Injunction Motion").

      15.    Just prior to filing the Injunction Motion, the Trustee filed her adversary proceeding against Ernest W. Willis which seeks a permanent injunction pursuant to 11 U.S.C. § 105 and Federal Rule of Bankruptcy Procedure 7001(7), accounting, and turnover with respect to the IRA Accounts

      16.    On June 13, 2008, the Court entered the Order granting the Trustee a temporary restraining order against the Debtor with respect to the IRA Accounts (C.P. # 6) (the "TRO Order").

      17.    On June 17, 2008, more than a year after the Debtor claimed the IRA Accounts exempt pursuant to FSA § 222.21(1) and almost a year after the Trustee and Red Reef filed their objections to the Debtor's claimed exemption in the IRA Accounts, the Debtor has suddenly filed an Amended Schedule C claiming the IRA Accounts are exempt pursuant to 11 U.S.C. § 522(b)(3)(C).

FTL:2742192:1

18.     The Trustee objects to the Debtor's claimed exemption in the IRA Accounts and this Court should sustain the Trustee's objection and deny the Debtor's claimed exemption in the IRA Accounts as set forth below.

## ARGUMENT

### Debtor's Amended Claim Of Exemption In the IRA Accounts Is Untimely

The Trustee objects to the Debtor's newly listed grounds for claiming an exemption in the IRA Accounts on the basis that the proposed amendments would prejudice creditors and the Trustee and said amendments were made in bad faith. Despite permissive language in Rule 1009(a) of the Federal Rules of Bankruptcy Procedure that allows amendments to lists or schedules filed a debtor, courts have the "discretion to not permit amendments: (i) if the proposed amendment would prejudice creditors; (ii) if the debtor has acted in bad faith; or (iii) if the debtor concealed assets." *In re Talmo*, 185 B.R. 637, 644 (Bankr. S.D. Fla. 1995); *Doan v. Hudgins (In re Doan)*, 672 F.2d 831, 833 (11th Cir.1982) )("[A] court might deny leave to amend on a showing of debtor's bad faith or prejudice to creditors."); *In re Romano*, 378 B.R. 454 (Bankr. E.D. Pa. 2007) ("At some point, debtor's election of either state or federal exemptions must become irrevocable so as to avoid any unfair prejudice to trustee and unsecured creditors."). Any one of the four factors standing alone is sufficient grounds to strike an amended claim of exemption. *Id.* at 645.

Allowing the Debtor's amendment of Schedule C to change the grounds for the Debtor's claimed exemption at this stage of the case would prejudice the Trustee, the Debtor's estate, and the Debtor's creditors. As set forth in the *Talmo* case, there are several ways that prejudice may be established:

FTL:2742192:1

> Prejudice may be established by showing harm to the litigating posture of parties in interest. If the parties would have taken different actions or asserted different positions had the exemption been claimed earlier, and the interest of those parties are detrimentally affected by the timing of the amendment, then the prejudice is sufficient to deny amendment. Moreover, an amendment is prejudicial if it impairs a trustee in the diligent administration of the estate.

The Trustee and the Debtor's creditors would be prejudiced by the amendments because the Trustee and Red Reef have litigated the issue of the Debtor's claimed exemption in the IRA Accounts under FSA § 222.21(1) for almost a year, including the drafting by Red Reef and the Trustee of summary judgment motions and responses to summary judgment motions by the Debtor. Any allowance by the Court at his stage of the case of the exemption with respect to the IRA Accounts pursuant to the amended grounds would deprive the estate of the funds from the IRA Accounts. Moreover, to the extent the Debtor had claimed an exemption in the IRA Accounts at the outset of this case pursuant to 11 U.S.C. § 522(b)(3)(C), the Trustee and Red Reef would not have proceeded through the involved process of filing summary judgment motions and responses to summary judgment motions based on the originally claimed exemption grounds under FSA § 222.21(1). The Trustee and Red Reef would have considered the Debtor's claimed exemption under 11 U.S.C. § 522(b)(3)(C) in the first instance and may have employed different business and litigation strategies.

### Debtor's Claim Of Exemption In the IRA Accounts Is In Bad Faith

The Debtor also acted in bad faith by amending his Schedule C to change the grounds for claiming his exemption in the IRA Accounts, more than a year after filing his original Schedule C and shortly after the Trustee filed her Complaint for injunction, accounting, and turnover, her

FTL:2742192:1

Injunction Motion, and, this Court entered the TRO Order which prevents the Debtor from continuing to dissipate the IRA Accounts' funds. The Debtor's amended Schedule C was coincidentally filed five (5) days after this Court entered the TRO Order. The Trustee believes that the Debtor has now conveniently amended his Schedules after this Court entered the TRO Order so that the Debtor can attempt to argue that he was justified in using property of the estate without Court authority and he should be allowed to continue to dissipate the funds in the IRA Accounts. It is apparent from the proceedings thus far in this case that the Debtor and his counsel have just recently conceived the alternative grounds for the claimed exemption in the IRA Accounts. By example, in the Debtor's Cross- Motion (C.P. # 247), the Debtor never raises an 11 U.S.C. § 522(b)(3)(C) grounds for the exemption of the IRA Accounts. The Debtor and his counsel could have raised 11 U.S.C. § 522(b)(3)(C) as grounds for the Debtor's claimed exemptions in the IRA Accounts earlier, but failed to do so.

WHEREFORE, the Trustee, **Deborah C. Menotte**, by and through undersigned counsel, respectfully requests that the Court enter an Order striking the Debtor's Amended Schedule C (C.P. # 349) or alternatively, sustaining the Trustee's objection to the amended exemption of to the IRA Accounts plus grant such other and further relief as the Court deems just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United State District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by regular U.S. Mail to: **Ernest W. Willis**, 590 Silver Lane, Boca Raton FL 33431; **J.M. Kelley**

FTL:2742192:1

**Investigative Services, Inc.**; POB 608082 Orlando, FL 32860; **Stephen B Rakusin**, 2919 E Commercial Blvd., Fort Lauderdale, Florida 333084207; **SunTrust Bank Bankruptcy Support**, POB 85092, Richmond, VA 23286 and via electronic mail to all parties on the attached service list, on this the 19th day of June 2008 .

                RUDEN, McCLOSKY, SMITH, SCHUSTER & RUSSELL, P.A.

*/s/ Michael R. Bakst*

MICHAEL R. BAKST, Esq.
Florida Bar No. 866377
HEATHER L. RIES, Esq.
Florida Bar No. 581933
Attorneys for Trustee
222 Lakeview Ave., Suite 800
West Palm Beach, Florida 33401
Telephone: (561) 838-4565
Facsimile: (561) 514-3465

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case.

- Michael R Bakst    mrb@ebcblaw.com, chris@ebclaw.com;diane@ebclaw.com
- Jacqueline Calderin    jc@ECCcounsel.com, mj@ecccounsel.com;scunningham@ECCcounsel.com;phornia@ecccounsel.com
- Rilyn A Carnahan    rac@ebcblaw.com
- Robert P. Charbonneau    rpc@ECCcounsel.com, scunningham@ECCcounsel.com;mj@ecccounsel.com;phornia@ecccounsel.com
- Robert F. Elgidely    relgidely@gjb-law.com, cbucolo@gjb-law.com
- Kevin C Gleason    kgpaecmf@aol.com
- Kenneth M Jones    kjones@moodyjones.com
- Soneet R. Kapila    msams@kapilaco.com
- Gary J. Lublin    garylublin@aol.com
- Deborah Menotte    menottetrustee@bellsouth.net, FL43@ecfcbis.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Natalie S Pappas    nataliepappas@gmail.com
- Heather L Ries    hlr@ebcblaw.com, mab@ebcblaw.com
- Harry J Ross    hross@hjrlaw.com, jerri@hjrlaw.com
- John A. Watson    john.watson@marshallwatson.com

FTL:2742192:1

- Scott R. Weiss    scott.weiss@marshallwatson.com

FTL:2742192:1