UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

*In re:*                                                             CASE NO.:07-11010-BKC-PGH
                                                                     Chapter 7 Proceeding
ERNEST W. WILLIS,

    Debtor.
_____/

**CREDITOR RED REEF'S RESPONSE IN OPPOSITION TO THE MOTION IN LIMINE**

    Creditor RED REEF, Inc. ("Red Reef") by and through its undersigned counsel, and pursuant to Federal Rules of Evidence 702 and 704, respectfully requests the entry of an order denying Debtor's *Motion In Limine*, [D.E. # 416](the "Motion") and all relief sought therein, and in its support states as follows:

    1.    Red Reef has objected to the individual retirement accounts ("IRAs") of the Debtor based upon prohibited transactions regarding the IRAs in which the Debtor has engaged prior to the filing of this bankruptcy case.

    2.    Further to Red Reef's objections to the exemption of the IRAs, Red Reef filed a *Motion for Partial for Summary Judgment Regarding the Debtor's interest in the IRAs* [D.E.# 189]( the "Motion For Partial Summary Judgment"). In connection with the filing of the Motion for Partial Summary Judgment, Red Reef also gave *Notice of the Filing of an Affidavit of Expert Witness, Sharon Quinn Dixon, Esquire, In Support of Red Reef, Inc.'s Motion for Partial Summary Judgment* [D.E. #190]. The Motion For Partial Summary Judgment was denied by the Court on April 7, 2008 [D.E. #291].

    3.    In connection with this Court's *Order Continuing Pretrial Conference on*

1

*Objection to Exemptions Relating to Debtor's Independent Retirement Account* [D.E. #343] (the "Pretrial Order") Red Reef, along with the Trustee, filed *Creditor Red Reef, Inc.'s and Deborah C. Menotte, Trustee's Joint Initial Disclosure of Expert Testimony Required by F.R.B.P. 7026(a)(2), and Incorporated Report of Expert Witness* [D.E. # 385] (the "Expert Report").

4. The Motion is somewhat confusing in what it seeks to accomplish. First, the Motion seeks to have Ms. Dixon's "affidavit" stricken. Any affidavit that Ms. Dixon provided in connection with the Motion for Partial Summary Judgment has since been superseded by the Expert Report, so the Motion, on that basis alone, should be denied as moot.

5. With respect to exclusion of Ms. Dixon's testimony as an expert, the Motion is not well founded and should be similarly denied.

6. Federal Rule of Evidence 702 states that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Red Reef stands by the Expert Report previously filed with respect to Ms. Dixon's qualifications. In addition to being a seasoned and acknowledged expert in her field by her peers[1], Ms. Dixon is also well published in the area of tax and employee benefits[2]. Moreover, Ms. Dixon has been disclosed as an expert, or has provided testimony as an expert, in prior cases before this very Court[3]. Based on her credentials, her experience and reputation, Ms. Dixon certainly has 'specialized knowledge' of a very

---

[1] See Expert report Paragraph 32
[2] See Expert report Paragraph 33
[3] See Expert Report Paragraph 34

2

technical and complex area of the law. Moreover, having reviewed a voluminous amount of information related to the IRAs and how the Debtor used them, Ms. Dixon's testimony will be valuable in assisting the Court, as the trier of fact, understand all of the evidence. Moreover, to the extent that the Debtor believes he can challenge the qualifications or competency of Ms. Dixon as an expert, he is free to do so, either by way of voire dire, or through cross examination, but not before.

7. Not really quarreling, therefore, with Ms. Dixon's credentials as an expert, the Debtor appears to take issue with portions of Ms. Dixon's affidavit filed at docket entry # 190, an affidavit that, if the Debtor had bothered to look, would know has been superseded by the Expert Report.

8. Based on Ms. Dixon's extensive review of records provided by Mr. Willis and third parties with respect to various transactions regarding a Merrill Lynch IRA account[4], Ms. Dixon's expert opinion is that the Debtor engaged in prohibited transactions within the meaning of Internal Revenue Codes Section 4975, thus making the IRA accounts subject to taxation under Internal Revenue Code Section 408.

9. The only other basis upon which the Debtor appears to object to Ms. Dixon's service as an expert witness to this Court is that "all that Ms. Dixon can do is cite to this Court to opinions of other Courts, and conclude that the facts of this case, when applied to the law, yield a particular result." This argument is overly simplistic within the facts of this case, and ignores the plain language of Federal Rule of Evidence 704, which states:

> "(a) Except as provided in subdivision (b), testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."

---

[4] Ms. Dixon's expert report will likely be amended to reflect her opinion that the Fidelity IRA account is similarly subject to taxation because it was funded, at least in part, by monies from the Merrill Lynch account. As the Merrill Lynch account was tainted by the prohibited transactions that rendered it taxable, that taint has carried over into the

10. The Debtor's exemption of the IRA account is claimed under 11 U.S.C. §522(b)(3)(C) which provides that if an asset is exempt from taxation under, *inter alia*, Internal Revenue Code Section 408, then it is exempt and not property of the estate. Red Reef's objection to the Debtor's claim of exemption in the IRAs is complex, and involves many different transfers made in and out of the Debtor's IRA accounts over a period of years, as well as the nature and character of those transfers. Ms. Dixon's review of these transfers, and whether these transfers are prohibited transactions within the meaning of Internal Revenue Code Section 4975, is aimed at determining whether the transactions in question render the subject IRAs subject to taxation. However, the ultimate issue to be decided by the Court, whether that fact renders the IRAs not exempt under § 522(b)(3)(C), is, of course, for determination by this Court alone, is the ultimate issue to be decided in this contested proceeding, and is not an issue upon which Ms. Dixon will opine. The admissibility of Ms. Dixon's expert opinion on the issue of the IRAs taxable status is consistent with the view of the 11th Circuit on this issue in *United States v. Milton*, 555 F.2d 1198, 1203 (5th Cir. 1977).5

11 The Motion fails to make even a colorable argument as to qualifications of Ms. Dixon to testify as an expert, and should be denied.

WHEREFORE creditor Red Reef, Inc. respectfully requests the entry of an order of this Court denying, with prejudice, the Debtor's Motion in Limine and for any other, further relief this Court deems equitable and just.

---

Fidelity account.
5 As adopted under the authority of *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

...

**EHRENSTEIN CHARBONNEAU CALDERIN**
Attorneys for Creditor Red Reef
800 Brickell Avenue, Suite 902
Miami, Florida 33131
T: 305.722.2002 F: 305.722.2001

By:   /s/ *Robert P. Charbonneau*
ROBERT CHARBONNEAU, ESQUIRE
Florida Bar No.: 968234
Rcharbonneau@ECCcouncel.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above foregoing was furnished via facsimile and/or U.S. Mail, to **Kevin Gleason, Esq**., 4121 N. 31st Avenue, Hollywood, FL 33021-2011, fax: 954-893-7675; **Michael R. Bakst, Esq**., 222 Lakeview Avenue, Suite 1330, West Palm Beach, FL 33401, Fax: 561-238-9920; **Sharon Dixon**, Stearns Weaver, 150 West Flagler St, Suite 2200, Miami, FL 33130, Fax: 305-789-3395; **Jane Baxter**, 393 NE 5th Ave, Delray Beach, Florida 33483, on this 12th day of September, 2008.