UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

In re:
ERNEST WILLIS                                                           CASE NO.07-11010-BKC-PGH
     Debtor                    /                                    Chapter 7

**RESPONSE TO MOTION FOR RECONSIDERATION**

ERNEST WILLIS, Debtor, responds to the motion of Red Reef, Inc. for reconsideration of this Court's ruling on the immune nature of Mr. Willis homestead, and says:

1. Red Reef has moved to reconsider this Court's determination that his homestead was held as tenants-by-entireties (hereinafter TBE) as of the date this case was commenced, and to determine that the death of his non-debtor spouse, over 16 months after the commencement of this case, somehow brings that TBE interest into the estate.

2. There is no legal or factual basis for the motion for reconsideration.

3. The universally accepted rule is that exemptions are determined as of the date the petition is filed. No facts arising subsequent to the filing date can affect an exemption. *White v. Stump*, 266 U.S. 310, 69 L. Ed. 301, 45 S. Ct. 103 (1924).[1]

4. The Code provides that any interest obtained as a result of the death of a non-debtor within 180 days of the petition date will bring any property obtained as a result of such death into the estate. 11 U.S.C. §541(a)(5)(A).

5. This Court, and the District Court in its affirmance, held that the TBE interest of Mr. Willis was not even included in the estate. The passing of Mrs. Willis does not change the contents of the estate, her passing having occurred more than 180 days after commencement of this case.

---

[1] Finally and most importantly, bankruptcy law is clear that debtor's exemption rights are fixed as of the petition date, for the reasons set forth by the Supreme Court in *White v. Stump*, 266 U.S. 310, 69 L. Ed. 301, 45 S. Ct. 103 (1924):
> When the law speaks of property which is exempt and of rights to exemptions, it, of course, refers to some point of time. In our opinion this point of time is the one as of which the general estate passes out of the bankrupt's control, and with respect to which the status and rights of the bankrupt, the creditors, and the trustee in other particulars are fixed. *Id.* at 313. *See also Owen v. Owen*, 500 U.S. 305, 314 n. 6, 114 L. Ed. 2d 350, 111 S. Ct. 1833 (1991) (the proper date for determining whether an exemption exists is the date of filing of the bankruptcy petition).

*Cisneros v. Kim (In re Kim)*, 257 B.R. 680, 687 (B.A.P. 9th Cir. 2000).

1

Wherefore, Ernest Willis, requests the entry of an order denying the motion for reconsideration.

## CERTIFICATE OF SERVICE

The following parties were served by Notice of Electronic filing on September 22, 2008 - Robert P. Charbonneau, and all other persons receiving electronic notice.

                                      Respectfully submitted,
                                      **KEVIN GLEASON, P.A.**
                                      4121 N. 31st Ave.
                                      Hollywood, FL 33021-2011
                                      Attorneys for Mr. Willis
                                      (954) 893-7670 Phone
                                      (954)-893-7675 Fax
cc: client                            By: s/Kevin C. Gleason
                                          Florida Bar No. 369500