UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

*In re*:

                CASE NO.: 07-11010-BKC-PGH
                Chapter 7 Proceeding

**ERNEST W. WILLIS,**

    Debtor.
_____/

## RESPONSE TO DEBTOR'S EMERGENCY MOTION TO BIFURCATE TRIAL ON REMAINING EXEMPTION ISSUES

    Creditor, Red Reef, Inc. ("Red Reef") by and through its undersigned counsel, files this response to Ernest W. Willis', (the "Debtor") *Emergency Motion to Bifurcate Trial on Remaining Exemption Issues* and in support thereof states as follows:

    1.    The relief sought in the motion is simply not justified.

    2.    The motion argues that the Debtor has not had adequate time to prepare for trial due to Red Reef's alleged failure to timely make changes to the draft pretrial order, or to provide the Debtor with exhibits. This impossible given the massive amounts of disclosure of fact witness and documents, and expert disclosures, and the stipulations of fact and law already agreed upon. In fact the Debtor has every fact upon which Red Reef intends to rely; every witness, along with their testimony, and every document upon which Red Reef intends to rely. Additionally, the Debtor has had in its hands the theory behind Red Reef's case in excruciating detail since at least December of 2007. On the other hand, while the Debtor has stated all along that its case is a rebuttal one, with two days to go before trial, Red Reef knows next to nothing about the Debtor's case.

3.  This aspect of the case began with the filing of Red Reef's *Motion For Summary Judgment* [D.E.# 189]. In that thirty-nine (39) page document, Red Reef laid out in detail the theory behind its objection to exemption of the IRAs. Within that motion Red Reef gave page and line references to 2004 examinations of the Debtor and Irving Silver for every single fact allegation made in the motion.

4.  On December 11, 2007, Red Reef made detailed fact and witness disclosures by filing its *Witness List* [D.E.# 168].

5.  On December 27, 2007, Red Reef made a detailed disclosure of the testimony of its expert by filing *Notice of Filing Affidavit of Expert Witness, Sharon Quinn Dixon Esquire in Support of Red Reef Inc.'s Motion for Partial Summary Judgment*, which it supplemented on September 15, 2008 at D.E.# 425. While the Debtor was ordered by this Court on numerous occasions to disclose its expert report he still has not done so, with two days to go before trial.

6.  Red Reef responded to Debtor's First Set of Interrogatories on December 27, 2007, [D.E. # 191], and to Debtor's Request For Admissions on September 22, 2008 [D.E. 436].

7.  The Debtor did not like the answers to the Request For Admissions, and filed its *Motion to Compel* [D.E.# 438]. Red Reef moved to compel expert disclosures. The Court heard those matters telephonically and ordered the parties to meet and stipulate to facts that they could.

8.  In the presence of a court reporter, counsel for Red Reef, the Debtor and the Trustee met as instructed by the Court, and came up with a stipulation of fact and legal issues. The parties stipulated to the admissibility of nearly all, if not all, of the records that the parties will be relying upon at trial. Counsel for the Trustee graciously agreed to act as scrivener, and circulated clean and redlined copies of what the parties agreed to. Some of the facts to be agreed

to remained open by agreement of the parties until the taking of Irving Silver's deposition. Mr. Silver was the Merrill Lynch account representative for the Merrill Lynch IRA. That examination was concluded last Friday. While the Debtor provided comments to the Trustee's draft, they were not in redline or track changes, making it difficult to impossible to discern the changes without starting 'from scratch.'

9. The undersigned was out of town from last Friday, October 17th, 2008, to Monday, October 20, 2008. Upon return to the office Tuesday, October 21, 2008, the undersigned appeared before the Court on another matter in this case, went directly to the office of co-counsel, and then provided Red Reef's comments to the pretrial order, in track changes. The Court should note that Red Reef added no fact issues to the stipulation, did not delete any fact issues from the stipulation, and only added legal issues.

10. On Tuesday, October 21, 2008, Red Reef transmitted its exhibit register to the parties. Since that time, Red Reef has transmitted two amended exhibit registers, adding documents designated by the Trustee and Red Reef.

11. Red Reef has seen no exhibit register from any party to this contested proceeding.

12. While Red Reef has been very active in the discovery process, Red Reef has disclosed every single facet of its fact and legal case, without anything even approaching similar disclosure in response. For the Debtor to now say that he needs 'at least a week' to prepare his case strains credulity.

13. The Debtor has known Red Reef's case since at least December of 2007.

14. Red Reef has spent an enormous amount of time and money getting this part of the case to trial. When the parties were last before the Court the estimated time of trial was one day. Red Reef respectfully submits that one day is sufficient in which to hear all evidence and

arguments in this case by both the Debtor and Red Reef, and that no bifurcation is necessary or appropriate.

WHEREFORE, Creditor Red Reef respectfully requests the entry of an order of the Court denying Debtor's *Emergency Motion to Bifurcate Trial on Remaining Exemption Issues*, and for any other, further relief this Court deems equitable and just.

> **WE HEREBY CERTIFY** that we are admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

                                        Respectfully Submitted,
                                        EHRENSTEIN CHARBONNEAU CALDERIN
                                        Counsel for Creditor, Red Reef, Inc.
                                        800 Brickell Avenue
                                        Miami, FL 33131
                                        305-722-2002 Telephone  Fax 305-722-2001

                                        __/s/   *Robert P. Charbonneau*_____
                                        ROBERT P. CHARBONNEAU, Esquire
                                        Florida Bar No.: 968234
                                        E-Mail: rpc@ecccounsel.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of Creditor Red Reef's *Response to Debtor's Emergency Motion to Bifurcate Trial on Remaining Exemption Issue* was served electronically and by mail as indicated upon all parties on the attached List on October 22, 2008.

# Mailing Information for Case 07-11010-PGH

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case.

- **Michael R Bakst**   efile2565@ruden.com, efile2558@ruden.com;fl65@ecfcbis.com
- **Robert P. Charbonneau**   rpc@ECCcounsel.com, scunningham@ECCcounsel.com;phornia@ecccounsel.com
- **Robert G Fracasso Jr**   rfracasso@shutts.com
- **Kevin C Gleason**   kgpaecmf@aol.com
- **Kenneth M Jones**   kjones@moodyjones.com
- **Soneet R. Kapila**   msams@kapilaco.com
- **Peter H Levitt**   plevitt@shutts-law.com
- **Gary J. Lublin**   garylublin@aol.com
- **Deborah Menotte**   menottetrustee@bellsouth.net, FL43@ecfcbis.com
- **Office of the US Trustee**   USTPRegion21.MM.ECF@usdoj.gov
- **Natalie S Pappas**   nataliepappas@gmail.com
- **Heather L Ries**   efile2547@ruden.com, efile2550@ruden.com;FL65@ecfcbis.com
- **Harry J Ross**   hross@hjrlaw.com, jerri@hjrlaw.com
- **John A. Watson**   john.watson@marshallwatson.com
- **Scott R. Weiss**   scott.weiss@marshallwatson.com

                                           __/s/  *Robert P. Charbonneau*__
                                           ROBERT P. CHARBONNEAU, Esquire