UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| *In re:* | CASE NO.: 07-11010-BKC-PGH |
| | Chapter 7 Proceeding |
| ERNEST W. WILLIS, | |
|     Debtor. | |
| _____/ | |
| And | |
| In re: | CASE NO.: 07-11010-BKC-PGH |
| | Chapter 7 Proceeding |
| ERNEST W. WILLIS, | |
|     Debtor. | |
| _____/ | |
| DEBORAH C. MENOTTE, Trustee in Bankruptcy for Ernest W. Willis, | |
|     Plaintiff, | |
| vs. | Adv. Proc. No.: 08-01383- PGH-A |
| ERNEST W. WILLIS, | |
|     Defendant. | |
| _____/ | |

**CREDITOR RED REEF INC.'S MEMORANDUM (I) IN RESPONSE
TO COURT'S INQUIRY CONCERNING RECORD EVIDENCE RELATING
TO FIDELITY IRA (II) WHETHER PARTIES' POST-TRIAL STIPULATION
OF CERTAIN FACTS IS BINDING, OR REQUIRES A MOTION TO
REOPEN EVIDENCE; AND (III) RESPONSE TO D.E. # 577 REGARDING
BURDEN OF PROOF.**

The Creditor, RED REEF, INC. (hereinafter alternately "Creditor" or "Red Reef"), by and through its undersigned attorneys, submits this Memorandum (I) In Response to the Court's Inquiry Concerning Record Evidence Relating to the Fidelity Bank & Trust IRA (the "Fidelity IRA"); (II) Whether the Parties' Post-Trial Stipulation, at D.E. 572 (the "Stipulation"), of Certain Facts is Binding, or Requires A Motion To

-1-

Reopen Evidence; And (III) Response to D.E. # 577 Regarding the Burden of Proof, and in support states as follows:

1. The Court noticed a hearing on Tuesday, July 14, 2009 at 1:00 p.m. (the "Hearing") to clarify responses to this Court's *Order Requiring Creditor And Debtor To Clarify Key Material Facts* (the "Clarification Order")[D.E. # 554], as well as the Stipulation. At the conclusion of the Hearing, the Court directed Red Reef to file papers directing the Court to the record evidence supporting Red Reef's objection to the exemption of the Fidelity IRA, and whether the Stipulation, entered into by the Parties post-trial, is binding upon them, or whether a motion to reopen the evidence is necessary in order for the Court to consider the Stipulation as part of the record in rendering a decision on Red Reef's objection to exemptions as they relate to the IRAs. On its own initiative, Red Reef also briefs the issue of the burden of proof that the Debtor attempted to supplement at D.E. # 577.

## STATEMENT OF THE FACTS

2. In the Stipulation, the Parties agree that Debtor's Exhibit S is the record evidence of the opening of the Amtrust IRA account ending in 0440 on May 28, 1998. The Debtor goes on to stipulate that the origins of the funds in account 0440 are from the Debtor's Merrill Lynch IRA account. *See paragraph 2 of the Stipulation*.

3. The Debtor goes on to stipulate in the Stipulation that "The same money in the AmTrust IRA account ending in 0440 was rolled in and out of the different banks and was in the Fidelity Federal IRA account 9754, together with accumulated interest, at the time Mr. Willis filed his Bankruptcy Petition in 2007." *See paragraph 3 of Stipulation*.

4. Unlike the AmTrust IRA, the Fidelity IRA account maintained by the Debtor was an overall plan, with a number of certificates of deposit. On occasion, certificates of deposit were rolled in and out of that plan. On occasion, the IRA account had in excess of $250,000 in it. *See Debtor's Notice of Filing Clarification of Exempt Account* [D.E. # 578].

5. On August 30, 2002, Ernest Willis transferred $50,000 from his Merrill Lynch IRA account, ending in 74781 to Fidelity Federal Bank & Trust. (Exh. 21

-2-

EW32607 page 11 of 13 of statement ending 8/30/02; Exh. 19 Fidelity Federal Bank & Trust IRA transfer request dated August 16, 2002).

6. On November 3, 2002, Ernest Willis transferred $10,000 from his Merrill Lynch account, ending in 74781 to the Fidelity Federal Bank & Trust IRA, account. (Exh. "20" (Is 72307-00148) Fidelity Federal Bank & Trust IRA transfer request); (Exh. 22 (EW32607) page 13 of 16 of statement ending 11/29/02).

## IS THERE A NEED TO REOPEN THE RECORD TO CONSIDER THE STIPULATION AND DEBTOR'S D.E. # 576?

7. This Court has the broad discretion to reopen the evidentiary record of a case in order to accept additional evidence, and any decision to do so will not be overturned absent an abuse of that discretion. *See Hibiscus Associates Ltd. v. Board of Trustees of Policemen and Firemen Retirement System of City of Detroit.*, 50 F.3d 908 (11th Cir. 1995). In the Clarification Order, the Court directed the Parties to clarify certain material facts. The Court so directed, presumably in the interest of assuring the clarity of the record for purposes of any appeal that may be taken of the Court's ultimate ruling. The Parties complied with their filings in response at D.E. # 556 for Red Reef, and at D.E. #564 for the Debtor.

8. The Court conducted a hearing on July 6, 2009 regarding the Clarification Order, as well as the Parties' submissions in response. At that hearing, the Court directed the Parties to make further clarifications to the material key facts with which the Court had issue. In response, the Parties entered into the Stipulation.

9. At the Hearing, conducted on July 14, 2009, the Court further narrowed its inquiry to the Fidelity IRA. Red Reef submitted that, in addition to the record evidence to which Red Reef directs the Court in this submission, the issue of the Fidelity IRA was

addressed in the Stipulation.  The Debtor appeared to argue at the Hearing that the Court could not consider the Stipulation as part of the evidentiary record because it was entered into post-trial.  It is well settled that stipulations of fact fairly entered into are controlling and conclusive, and courts are bound to enforce them[.]" *A. Duda & Sons Coop. Ass'n v. United States*, 504 F.2d 970, 975 (5th Cir.1974)(citing *United States v. Righter*, 400 F.2d 344, 351 (8th Cir.1968); *Osborne v. United States*, 351 F.2d 111, 120 (8th Cir.1965)); *accord Quest Medical, Inc. v. Apprill*, 90 F.3d 1080, 1087 (5th Cir.1996) (citing, e.g., *United States Abatement Corp. v. Mobil Exploration & Prod*. U.S., Inc. (*In re U.S. Abatement Corp*.), 79 F.3d 393, 400 (5th Cir.1996); *Holiday Inns, Inc. v. Alberding*, 683 F.2d 931, 935 (5th Cir.1982)).

        10.     Litigation stipulations are best understood as the analogue of terms binding parties to a contract.  *See Peter Letterese and Associates, Inc. v. World Institute of Scientology Enterprises, International*, 533 F.3d 1287 (11th Cir. 2008).  In this instance, the Court sought clarification of the trial record.  Through their various submissions, including the Stipulation, the Parties agreed upon several facts that bring clarity to the factual record to be considered by the Court.  It would be repugnant to the concepts of stipulations and contract, and to the aims of the Clarification Order itself, if one Party, concerned about the effect of one or more stipulations it had apparently made in good faith, could simply slip out of the binding effect of such stipulations on the hyper-technical argument that they were made post-trial.

        11.     As the Court may imagine, it has been nearly impossible to locate case law with similar facts to the one at bar.  This is presumably because the proposition tested by the Debtor at the Hearing is nearly self evident in the law.  However, Red Reef was able

to locate the case of *Brown v. Brown*, 947 P.2d 307 (Alaska 1997), a case out of the Supreme Court of Alaska, where that court held that a post-trial stipulation was indeed binding. Assuming the Court agrees that stipulations during any pre-judgment stage of a proceeding may be made, and are binding, then Red Reef submits that the record need not be reopened in order to give the Stipulation effect on the record and this proceeding.

12. However, if the Court believes that the record must be reopened in order to consider the Stipulation, then Red Reef renews that motion, made at the Hearing, at this time. The reasoning behind this renewed motion is the fact that the Court has conducted two hearings, at least one of them evidentiary, on the issue of clarification. Having gone to such lengths thus far in order to clarify the facts upon which the Court will ultimately rely in rendering its decision, it is a rather small step, then, to reopen the record in order to consider and enforce a stipulation which the Parties entered into in an attempt to address the inquiries raised in the Clarification Order. In fact, the Clarification Order is tantamount to a remand to the Parties for the purposes of clarifying certain elements of the record. The Parties endeavored to do so, and Red Reef submits that notions of judicial economy favor simply relying upon the Stipulation, rather than requiring the Parties to litigate the issue of whether evidence should be reopened to consider that which has already been agreed upon by the Debtor and Red Reef.

13. The Debtor's view on the burdens of proof, and the cases cited in support thereof, are not so much wrong as one sided in their focus on the allocation of the burden of proof. The Court in *In re Elizabeth Ann Caliri*, 347 B.R. 788 (Bankr.M.D.Fla. 2006), in interpreting F.R.B.P. 4003, correctly observed that:

> The objecting party carries the burden of proving an exemption is not properly claimed because a claim of exemption is presumptively valid.

> However, exempting property is not a game of hide and seek. A debtor carries the initial burden of stating the exemptions with sufficient particularity so that all parties are able to ascertain the assets the debtor believes are exempt from distribution to creditors. Once the objecting party has produced evidence to rebut the exemption, the burden of production shifts to the debtor to unequivocally demonstrate the exemption is proper. (internal citations omitted).

While the 11th Circuit has not addressed this issue in the context of exemption litigation, it has done so in the context of dischargeability litigation, and its analysis is similar as that of the *Caliri* court.

WHEREFORE Red Reef respectfully requests the entry of an order of the Court: (i) sustaining its objection to the Fidelity IRA; (ii) adopting and relying upon the Stipulation reached by the Parties for that purpose: (iii) in the alternative, reopening the record for the purpose of considering and relying upon the Stipulation; and (iv) for any other, further relief this Court deems equitable and just.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am qualified to practice in this Court as set forth in Local Rule 2090-1(A).

**EHRENSTEINCHARBONNEAU CALDERIN**
Robert Charbonneau, Esq.
800 Brickell Avenue, Ste. 902
Miami Florida 33143
Florida Bar No.: 968234
Tel. No.: 305.722.2002    F. 305.722.2001
By: */s/*
ROBERT P. CHARBONNEAU, Esq.
Florida Bar No.: 968234
rcharbonneau@ecclegal.com
And

**THE RAKUSIN LAW FIRM,**

-7-

**A PROFESSIONAL ASSOCIATION**
2919 E. Commercial Blvd.
Fort Lauderdale, Florida  33308
Tel: (954) 356 -0496
Fax: (954) 356-0416

By:              /s/
    STEPHEN RAKUSIN
    Fla. Bar No. 183408